IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1227 (LPS) |
| | ) |
| WOW TECH INTERNATIONAL GMBH, | ) |
| WOW TECH USA, LTD., | ) |
| WOW TECH CANADA, LTD. | ) |
| and NOVOLUTO GMBH, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF EIS INC'S ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANT NOVOLUTO'S COUNTERCLAIMS**

Plaintiff EIS Inc. ("EIS" or "Plaintiff") hereby responds to the counterclaims of Defendant Novoluto GmbH ("Novoluto") set forth in Defendants' Answer, Counterclaims and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Counterclaims") (D.I. 57) with the following Answer and Affirmative Defenses.

**GENERAL DENIAL**

Unless specifically admitted below, EIS denies each and every allegation in Novoluto's Counterclaims, including allegations contained in the headings.

**NOVOLUTO'S COUNTERCLAIMS**

1. Paragraph 1 does not set forth any allegations to which a response is required. To the extent this paragraph purports to incorporate any allegations to which a response is required, EIS lacks knowledge or information sufficient to form a belief about the truth of those allegations, including the specific allegations to which Novoluto refers, and therefore denies them.

2. EIS admits that U.S. Patent Nos. 9,937,097 ("the '097 Patent"), 9,849,061 ("the '061 Patent"), and 9,763,851 ("the '851 Patent") (collectively, the "Asserted Patents") state on their covers that the assignee is Novoluto. EIS lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies them.

3. Denied.

## THE PARTIES

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. EIS admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and that Defendants purport to bring their counterclaims under 35 U.S.C. § 1 et seq. The remainder of this paragraph sets forth argument and legal conclusions to which no response is required. To the extent the remainder of this paragraph includes any allegations to which a response is required, EIS denies them

7. For the purposes of this case only, EIS does not challenge personal jurisdiction in this District.

8. For the purposes of this case only, EIS admits that venue is proper in this District.

## BACKGROUND

9. Denied.

10. EIS admits that the Asserted Patents are generally directed to stimulation devices. EIS lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies them.

11. EIS lacks sufficient information or belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12. EIS denies that the Satisfyer Pro 2 and the Satisfyer Pro G-Spot Rabbit attempted to capitalize on the technology in the Asserted Patents, and that such technology was innovative. EIS lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 12 and therefore denies them.

13. EIS admits that Exhibits 4-6 to the Counterclaims purport to be claim charts. EIS denies the remaining allegations of Paragraph 13, including any allegations in the claim charts.

## COUNT I

14. EIS realleges and incorporates by reference its responses set forth in the Paragraphs above as if fully set forth herein. Paragraph 14 does not set forth any allegations to which a response is required. To the extent this paragraph purports to incorporate any allegations to which a response is required, EIS lacks knowledge or information sufficient to form a belief about the truth of those allegations, including the specific allegations to which Novoluto refers, and therefore denies them.

15. EIS admits the '851 Patent is titled "Stimulation Device." EIS further admits that the '851 Patent states on its face that it (1) issued on September 19, 2017 and (2) was assigned to Novoluto. EIS also admits that what purports to be a copy of the '851 Patent is attached to the Counterclaims as Exhibit 1. EIS denies that the '851 Patent was duly and legally issued by the USPTO. EIS lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 15 and therefore denies them.

16. EIS admits that the application from which the '851 Patent issued was previously published as Patent Application Publication No. US2016/0213557. EIS lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 16 and therefore denies them.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT II

27. EIS realleges and incorporates by reference its responses set forth in the Paragraphs above as if fully set forth herein. Paragraph 27 does not set forth any allegations to which a response is required. To the extent this paragraph purports to incorporate any allegations to which a response is required, EIS lacks knowledge or information sufficient to form a belief about the truth of those allegations, including the specific allegations to which Novoluto refers, and therefore denies them.

28. EIS admits the '061 Patent is titled "Stimulation Device Having An Appendage." EIS further admits that the '061 Patent states on its face that it (1) issued on December 26, 2017 and (2) was assigned to Novoluto. EIS also admits that what purports to be a copy of the '061 Patent is attached to the Counterclaims as Exhibit 2. EIS denies that the '061 Patent was duly and legally issued by the USPTO. EIS lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 28 and therefore denies them.

29. Denied.

30. EIS admits that Exhibit 5 to the Counterclaims purports to be a claim chart. EIS denies the remaining allegations of Paragraph 30, including those in the claim chart.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT III

48. EIS realleges and incorporates by reference its responses set forth in the Paragraphs above as if fully set forth herein. Paragraph 48 does not set forth any allegations to which a response is required. To the extent this paragraph purports to incorporate any allegations to which a response is required, EIS lacks knowledge or information sufficient to

form a belief about the truth of those allegations, including the specific allegations to which Novoluto refers, and therefore denies them.

49. EIS admits the '097 Patent is titled "Stimulation Device Having An Appendage." EIS further admits that the '097 Patent states on its face that it (1) issued on April 10, 2018 and (2) was assigned to Novoluto. EIS also admits that what purports to be a copy of the '097 Patent is attached to the Counterclaims as Exhibit 3. EIS denies that the '097 Patent was duly and legally issued by the USPTO. EIS lacks sufficient information or belief as to the truth of the remaining allegations of Paragraph 49 and therefore denies them.

50. Denied.

51. EIS admits that Exhibit 6 to the Counterclaims purports to be a claim chart. EIS denies the remaining allegations of Paragraph 51, including those in the claim chart.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## JURY DEMAND

No response is required for Novoluto's demand for a jury trial. To the extent a response is required, EIS admits that Novoluto demands a trial by jury on all issues so triable as of right.

## PRAYER FOR RELIEF

EIS denies that Novoluto is entitled to the relief sought in its Counterclaims. EIS requests that the Court deny all such relief sought by Novoluto in its entirety and with prejudice and requests that Novoluto take nothing.

## JURY DEMAND

No response is required for Novoluto's demand for a jury trial. To the extent a response is required, EIS admits that Novoluto demands a trial by jury on all issues so triable as of right.

## AFFIRMATIVE AND OTHER DEFENSES

EIS asserts the following defenses to Novoluto's Counterclaims and incorporates by reference the factual allegations of its Second Amended Complaint, D.I. 53. EIS further reserves the right to assert additional defenses based on information learned or obtained during discovery.

## FIRST DEFENSE
### (Failure to State a Claim)

Novoluto fails to state a claim against EIS in the Counterclaims upon which relief can be granted.

## SECOND DEFENSE
### (Noninfringement)

Novoluto is not entitled to any relief against EIS because EIS does not and has not infringed any valid and enforceable claim of the '851, '061, or '097 Patent under any theory of infringement.

## THIRD DEFENSE
### (Invalidity)

Each and every claim of the '851, '061, and '097 Patents is invalid for failing to meet one or more of the requirements of Title 35, United States Code, including but not limited to, Sections 101, 102, 103, and/or 112, and/or the rules, regulations, and laws pertaining thereto.

## FOURTH DEFENSE
### (Unenforceability)

Each and every claim of the '851, '061, and '097 Patents is unenforceable due to inequitable conduct before the United States Patent and Trademark Office. EIS incorporates by reference the supporting factual allegations of its Second Amended Complaint, D.I., 53 including ¶¶ 70-115, 156-175.

## FIFTH DEFENSE
### (Patent Misuse)

The '851, '061, and '097 Patents are unenforceable for patent misuse, based on, but not limited to, Defendants' prior and continuing unlawful attempts to enforce the '851, '061, and '097 Patents, which Defendants knows or should know are invalid, unenforceable and/or not infringed. EIS incorporates by reference the supporting factual allegations of its Second Amended Complaint, D.I., 53, including ¶¶ 56-64, 70-206.

## SIXTH DEFENSE
### (Prosecution History Estoppel)

Novoluto is estopped from construing or interpreting the claims of the '851, '061, and '097 Patents in such a way as may cover and/or include, either literally or under the doctrine of equivalents, EIS's products, processes, services, and/or other activities, and/or has waived any right to do so by reason of cancellation, limitation, or abandonment of claims, admissions, arguments, amendments, and/or representations made by or on behalf of the applicants in any proceedings before the United States Patent and Trademark Office.

## SEVENTH DEFENSE
### (Ensnarement)

Novoluto's claims are barred or limited in whole or in part by the doctrine of ensnarement.

## EIGHTH DEFENSE
### (Equitable Doctrines)

Novoluto's claims are barred by the equitable doctrines of waiver, estoppel, acquiescence, and/or unclean hands.

## NINTH DEFENSE
### (Limitation on Damages)

Novoluto's right to seek damages, if any, is limited by 35 U.S.C. §§ 286, 287, and/or 288.

## TENTH DEFENSE
### (No Willful Infringement))

Novoluto's claims for enhanced damages and an award of fees and costs against EIS have no basis in fact or law and should be denied.

## ELEVENTH DEFENSE
### (Not an Exceptional Case)

Novoluto is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

## TWELFTH DEFENSE
### (Adequate Remedy at Law)

If Novoluto is entitled to any remedy, Novoluto has an adequate remedy at law, and cannot satisfy the requirements applicable to a request for injunctive relief.

## THIRTEENTH DEFENSE
### (Reservation of Rights)

EIS reserves the right to add any additional defenses that discovery may reveal.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Naveen Modi
Tad Richman
David Valente
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1700

February 2, 2021

-10-

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 2, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Paul D. Brown, Esquire<br>Joseph B. Cicero, Esquire<br>Gregory E. Stuhlman, Esquire<br>CHIPMAN BROWN CICERO & COLE, LLP<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, DE 19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Tammy J. Dunn, Esquire<br>Califf T. Cooper, Esquire<br>OSHA BERGMAN WATANABE & BURTON LLP<br>Two Houston Center<br>909 Fannin Street, Suite 3500<br>Houston, TX 77057<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*

_____

Brian P. Egan (#6227)