**CHIPMAN BROWN CICERO & COLE**

DELAWARE | NEW YORK

CHIPMAN BROWN CICERO & COLE, LLP
HERCULES PLAZA
1313 N. MARKET ST., SUITE 5400
WILMINGTON, DE 19801

GREGORY E. STUHLMAN
(302) 468-4597
STUHLMAN@CHIPMANBROWN.COM

December 6, 2021

**VIA CM/ECF**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *EIS, Inc. v. IntiHealth Ger GmbH, et al.*, C.A. No. 19-1227-LPS

Dear Judge Stark:

      Defendants IntiHealth Ger GmbH, WOW Tech USA, Ltd., WOW Tech Canada, Ltd., and Novoluto GmbH (collectively "WOW Tech") respectfully oppose Plaintiff EIS, Inc.'s ("EIS") request for expedited briefing on its motion for TRO and preliminary injunction. EIS has mischaracterized both the events of last week and the parties' communications, as well as WOW Tech's actions. Rather than provide WOW Tech with requested relevant information that would have permitted rational consideration of EIS's requests, EIS simply filed its motion in the absence of any pre-motion meet-and-confer discussion regarding the merits of those requests. The complete email thread between the parties is submitted herewith as Exhibit A.

      First, EIS mischaracterizes WOW Tech's actions. While WOW Tech has participated in Amazon's Utility Patent Neutral Evaluation ("UPNE") Program, it is Amazon that has decided to "take down" EIS's (and others') infringing products, after conducting *its own investigation*. The old "notice and takedown" procedure in which products could be removed from the Amazon Marketplace merely on the patentee's say-so is a thing of the past. Thus, what EIS is *really* asking by its TRO motion is for this Court *to order Amazon to offer and sell products that Amazon itself has determined, through the procedures of its UPNE Program, are likely infringing WOW Tech's patents*. As the chronologically last email in the chain makes clear, WOW Tech asked EIS counsel to provide any precedent or basis for asserting that the Court has such authority to compel Amazon to do so, or to enjoin Amazon from taking steps to mitigate its own potential liability exposure for indirect infringement. Rather than answer WOW Tech's question, and then meet-and-confer on the issue, EIS prematurely filed its motion. There has been no L.R. 7.1.1 discussion regarding EIS's TRO motion.

      Second, on Friday WOW Tech also asked EIS to identify any basis for the proposition that WOW Tech is legally precluded from pursuing any and all available avenues to stop EIS's daily infringement of WOW Tech's hard-won patent rights. Again, EIS ignored the request and filed its TRO motion without first answering the question and then meeting and conferring as required by L.R. 7.1.1. EIS's request for expedited treatment of its motion is thus made with especially poor grace.

      The pattern in this case is that the parties rarely agree on anything. In fact, EIS has never agreed that any request for a meet-and-confer discussion made by WOW Tech is urgent. Since June, as the email chain further makes clear, EIS's response times to such requests have ranged from 14 to 50 days, often despite numerous reminders. Yet, suddenly, EIS demands that WOW

00018624.1

The Honorable Leonard P. Stark
December 6, 2021
Page 2

Tech's counsel must drop all other work and respond on EIS's schedule in accordance with EIS's view of the urgency, while at the same time ignoring WOW Tech's questions as to the bases for EIS's latest complaints. Rather than delve into these issues, the Court should deny the request for expedited briefing.

Respectfully,

*/s/ Gregory E. Stuhlman*

Gregory E. Stuhlman (#4765)

Attachment:

1. Exhibit A, email chain between counsel

cc: Counsel of Record (by CM/ECF and E-mail)