IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTIHEALTH GER GMBH, WOW TECH USA, LTD., WOW TECH CANADA, LTD. AND NOVOLUTO GMBH, <br><br> Defendants. | § § § § § § § § § § § § § § Civil Action No. 19-cv-1227-LPS |

**DECLARATION OF TAMMY J. TERRY IN SUPPORT OF DEFENDANTS' LETTER BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Tammy J. Terry, declare:

1. I am a partner at the law firm of Osha Bergman & Watanabe LLP, counsel for Defendants. ("Defendants"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Amazon's Utility Patent Neutral Evaluation ("UPNE") procedure allows Amazon to mitigate its potential liability for indirect infringement by providing a mechanism by which Amazon will remove products that are likely to infringe another's utility patent.

3. To participate, a patent owner must first be approved as eligible based on one claim of a patent and an exemplary accused product. Once Amazon determines the patent and product are eligible, the patent owner may request UPNE proceedings be initiated against infringing products.

4. After demonstrating success to a level satisfactory to Amazon, a patent owner may be granted "portal access," through which the patent owner may submit products that are not materially different from products Amazon already determined infringed the patent-at-issue, without having to initiate new UPNE proceedings. Amazon evaluates the submissions and

determines whether or not additional submissions fit the criteria of similarly infringing products. If Amazon has any doubt as to a product, Amazon may request claim charts from the patent owner to demonstrate the product infringes the patent-at-issue.

5.    On November 15, 2021, Amazon granted WOW Tech portal access for the '220 patent, after WOW Tech had demonstrated sufficient success with previous UPNE requests for this patent.  Thereafter, WOW Tech began submitting additional infringing products not materially different from the infringing products that were the subject of the original UPNE requests, including infringing products made by EIS.

6.    Amazon reviewed the submissions, confirmed they fit the necessary criteria, and removed all of EIS's infringing products.

7.    There is no agreement between the parties that this Court has exclusive jurisdiction over all disputes between the parties.

8.    Attached as Exhibit 1 is a true and correct copy of slip opinion *Shenzhen Gooloo E-Commerce Co., Ltd. v. Pilot, Inc.*, Case No. 2:21-cv-08915-RGK-E (C.D. Cal. Nov. 22, 2021).

9.    Attached as Exhibit 2 is a true and correct copy of Amazon listings for Satisfyer products still available on Amazon.com, available from Satisfyer's Amazon storefront at https://www.amazon.com/stores/page/68F9F5E6-C535-407D-9D84-3F8EC3ABD47E (last visited December 7, 2021).

10.   Attached as Exhibit 3 is a claim chart with images of Satisfyer's Penguin product and the lone claim limitation disputed by EIS.

11.   Attached as Exhibit 4 is a true and correct copy of excerpts from U.S. Application number 15/023,471 with highlights for emphasis.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 8, 2021.

/s/ Tammy J. Terry
Tammy J. Terry