# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 19-cv-1227-LPS |
| INTIHEALTH GER GMBH, WOW TECH § | |
| USA, LTD., WOW TECH CANADA, LTD. § | |
| AND NOVOLUTO GMBH, § | |
| § | |
| Defendants. § | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EMERGENCY RELIEF UNDER THE ALL WRITS ACT AND INHERENT POWER, OR IN THE ALTERNATIVE, FOR LIMITED EXPEDITED DISCOVERY

OF COUNSEL:

Tammy J. Terry
Califf Cooper
OSHA BERGMAN WATANABE & BURTON LLP
Two Houston Center
909 Fannin, Suite 3500
Houston, TX 77010
(713) 228-8600
OLWOWTechDE@obwbip.com

December 20, 2021

CHIPMAN BROWN CICERO & COLE, LLP
Paul D. Brown (No. 3903)
Joseph B. Cicero (No. 4388)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
brown@chipmanbrown.com
cicero@chipmanbrown.com

*Attorneys for Defendants*

00019506.1

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

III. SUMMARY OF ARGUMENT ........................................................................................2

IV. STATEMENT OF FACTS ...............................................................................................3

V. ARGUMENT .....................................................................................................................4

VI. CONCLUSION .................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*American Bankers Life Assurance Co. of Florida v. Overton*,
    2005 WL 943522 (5th Cir. April 21, 2005) ...................................................................................7

*Brambles USA, Inc. v. Blocker*,
    735 F. Supp. 1239 (D. Del. 1990) ..............................................................................................2, 5

*Clinton v. Goldsmith*,
    526 U.S. 529 (1999) ..................................................................................................................7, 8

*Crosley Corp. v. Hazeltine Corp.*,
    122 F. 2d 925 (3d Cir. 1941) ........................................................................................................7

*Degen v. United States*,
    517 U.S. 820 (1996) ......................................................................................................................9

*Fla. Med. Ass'n v. U.S. Dep't of Health, Educ. & Welfare*,
    601 F. 2d 199 (5th Cir. 1979) ........................................................................................................7

*Grider v. Keystone Health Plan Cent, Inc.*,
    500 F. 3d 322 (3d Cir. 2007) ........................................................................................................8

*In re Convertible Rowing Exerciser Patent Litig.*,
    616 F. Supp. 1134 (D. Del. 1985) .................................................................................................8

*In re Diet Drugs*,
    282 F. 3d 220 (3d Cir. 2002) ........................................................................................................8

*Klay v. United Healthgroup, Inc.*,
    376 F. 3d 1092 (11th Cir. 2004) ...................................................................................................7

*Lazaridis v. Wehmer*,
    591 F. 3d 666 (3d Cir. 2010) ........................................................................................................5

*Link v. Wabash R. Co.*,
    370 U.S. 626 (1962) ......................................................................................................................8

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,
    176 F. 3d 669 (3d Cir. 1999) ....................................................................................................2, 5

*Merial Ltd. v. Cipla Ltd.*,
    681 F. 3d 1283 (Fed. Cir. 2012) ...................................................................................................7

*Pa. Bureau of Corr. v. U.S. Marshals Serv.*,
    474 U.S. 34 (1985) ........................................................................................................................7

*Reilly v. City of Harrisburg*,
    858 F. 3d 173 (3rd Cir. 2017) ...................................................................................................7, 8

*Roku, Inc. v. Almondnet, Inc.*,
    2021 WL 5299247 (D. Del. Nov. 15, 2021) ....................................................................... 7

*Schering Corp. v. Amgen, Inc.*,
    25 F. Supp. 2d 293 (D. Del. 1998) ............................................................................... 2, 5

*Schiavo ex rel. Schindler v. Schiavo*,
    403 F. 3d 1223 (11th Cir. 2005) .................................................................................... 7

*Sentient Sensors LLC v. Cypress Semiconductor Corp.*,
    2021 WL 1966406 (D. Del. May 17, 2021) ................................................................ 2, 5

*Smith v. Meyers*,
    2009 WL 5195928 (D. Del. Dec. 30, 2009) ..................................................................... 2

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) ............................................................................................................ 3

**Statutes**

28 U.S.C. § 1292(a)(1) .......................................................................................................... 1

28 U.S.C. § 1651(a) ........................................................................................................ 1, 8

**Rules**

Fed. R. Civ. P. 59(e) .............................................................................................. 1, 4, 5, 6

Fed. R. Civ. P. 65 .............................................................................................................. 2, 9

L.R. 7.1.5(a) ............................................................................................................... *passim*

Rule 65, Fed. R. Civ. P ........................................................................................................ 2

**I.      INTRODUCTION**

In its "new" motion for extraordinary relief (D.I. 170), EIS asks this court to rethink its denial of EIS's previous motion seeking exactly the same extraordinary relief (D.I. 139). EIS's "new" motion is either one for reargument and, as such, violates the page-limit requirements of L.R. 7.1.5(a), or is one for reconsideration without justification under Fed. R. Civ. P. 59(e), procedural rules EIS studiously avoids mentioning. The present motion should therefore be summarily denied as being procedurally defective. To the extent EIS suggests the Court previously failed to consider granting relief under the All Writs Act or its inherent powers, notwithstanding the Court specifically requesting and receiving supplemental briefing from both parties on exactly those issues within hours of the December 9, 2021 telephonic hearing (D.I. 154, 155), that suggestion is an affront to the Court. EIS's "new" motion should be denied on its merits, as well.

**II.     NATURE AND STAGE OF THE PROCEEDINGS**

In this patent infringement and unfair competition case between fierce competitors, EIS recently filed a motion for extraordinary relief seeking to compel WOW Tech to rescind its Utility Patent Neutral Evaluation ("UPNE") Program notifications to Amazon. D.I. 139. During the December 9, 2021 telephonic hearing, the Court requested, and several hours later received, supplemental briefing from the parties regarding the first-to-file rule, the All Writs Act, 28 U.S.C. § 1651(a), and the Court's inherent powers. D.I. 154, 155. EIS's motion was subsequently denied. D.I. 156. EIS neither appealed that ruling to the Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1292(a)(1) nor petitioned that appellate court for a writ of mandamus. Now, EIS has filed a "new" motion seeking exactly the same extraordinary relief sought by its previously denied motion. D.I. 170.

**III.    SUMMARY OF ARGUMENT**

"Motions for reargument shall be sparingly granted."  L.R. 7.1.5(a).  "Motions for reargument … shall not exceed 10 pages."  *Id.*  EIS cannot sidestep this Court's rules by styling its motion as a "new" one when, in fact, it is a motion for reargument.  "Motions for reargument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension."  *Sentient Sensors LLC v. Cypress Semiconductor Corp.*, 2021 WL 1966406, at *1 (D. Del. May 17, 2021), citing *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citing *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).).

If not a motion for reargument, then EIS's "new" motion is one for reconsideration.  "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made."  *Sentient Sensors,* 2021 WL 1966406, at *1, quoting *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009).  Yet that is all EIS now urges – that the Court "rethink" its decision that none of the first-to-file rule, the All Writs Act, or the Court's inherent powers are available to EIS for sidestepping the "gateway" likelihood-of-success requirement of Rule 65, Fed. R. Civ. P.  EIS presents no valid justification for such "rethinking" and there is none.

Moreover, reconsideration may be granted only if the movant can show an intervening change in controlling law, new evidence not available when the court made its decision, or a need to correct a clear error of law or fact to prevent manifest injustice.  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3rd Cir. 1999).  EIS has not argued, let alone demonstrated to the demanding level necessary, that any of these conditions exist here with respect to the Court's previous holding that EIS failed to demonstrate likelihood of success as required under Fed. R. Civ. P. 65.

So much of EIS's "new" motion appears to be directed to issues on which the Court ruled in EIS's favor, i.e., irreparable harm, balance of harms, and public interest, or buttressing the Court's stated concern that WOW Tech's characterization of its interactions with Amazon were not supported by the record. And, it further appears that <u>none</u> of EIS's motion is directed to the critical "gateway" issue on which EIS previously lost, namely, likelihood of success on the merits. As the Court held, "Because EIS has not shown a likelihood of success on the merits, its motion must be denied, and the Court need not consider the other factors for injunctive relief. *See generally Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)." D.I. 156. EIS provides no justification for forcing the Court to revisit and rethink issues on which EIS previously won, while completely ignoring the holding of the order (D.I. 156) denying its original motion.

The "new" motion, along with EIS's "alternative" motion for an expedited discovery on an inequitable conduct defense based on events that happened years ago, without any explanation of why EIS failed to conduct its allegedly urgent discovery as soon as the '220 Patent was added to the case,[1] should be denied.

### IV.  STATEMENT OF FACTS

WOW Tech's U.S Patent No. 11,090,220 ("the '220 Patent") was granted in August 2021. Amazon provides a program called Utility Patent Neutral Evaluation ("UPNE") to sellers wishing to sell products on Amazon's marketplace. As previously described (*see* D.I. 146, 147), WOW Tech has participated in Amazon's UPNE program to stop online sales of products infringing the '220 Patent[2], whether sold by EIS or any one of many sellers selling infringing products on the Amazon marketplace.

---

[1] EIS has known about the USPTO-allowed application that yielded the '220 Patent since at least as early as December 2020.
[2] EIS appears to contend that WOW Tech has misidentified counterfeit SATISFYER products as those made and sold by EIS. D.I. 171 at 13 n. 6. To any extent that WOW Tech has used Amazon's

V.     ARGUMENT

EIS has now filed a "new" motion (D.I. 170) seeking exactly the same extraordinary relief as its previously denied motion (D.I. 139), raising identically the same arguments previously briefed by the parties and ruled on by the Court with respect to the first-to-file rule, the All Writs Act, and the Court's inherent powers. D.I. 154, 155. Insultingly, EIS appears to argue that because the Court's order denying EIS's original motion does not mention either the All Writs Act or the Court's inherent powers, the Court somehow failed to carefully consider the very issue on which the Court, during the December 9, 2021 hearing, explicitly ordered (and later that day received) supplemental briefing from the parties. D.I. 171 at 1 ("EIS had raised the All Writs Act and the Court's inherent power as alternative sources of relief in letters, D.I. 152, D.I. 154. But this Court did not address those grounds explicitly in its oral order (other than a reference to the briefing).").

Although couched as a new motion, EIS's motion is, in fact, properly considered as a motion for reargument under L.R. 7.1.5(a) or reconsideration (the "functional equivalent" of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)) of the Court's previous order (D.I. 156) denying EIS's original motion. The reason for EIS's disguising its motion for reargument as a "new" motion should be clear:  EIS has violated the 10-page limit of L.R. 7.1.5(a), and has not even attempted to, and cannot, establish valid grounds for reconsideration under Rule 59(e). The motion should be summarily denied on both procedural and substantive grounds.

"Motions for reargument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not

---

UPNE program to remove *counterfeit goods* from the Amazon marketplace, that action has likely only served to increase EIS's sales of its legitimate, albeit infringing, SATISFYER products through the numerous non-Amazon channels of distribution in which the relevant products are sold by EIS.  The Court should rightfully wonder how WOW Tech's actions can possibly cause irreparable harm to EIS while EIS is simultaneously unmoved to do anything about *hundreds* of counterfeit SATISFYER products for sale on the Amazon marketplace.

of reasoning but of apprehension." *Sentient Sensors LLC v. Cypress Semiconductor Corp.*, 2021 WL 1966406, at *1 (D. Del. May 17, 2021), citing *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citing *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).). That EIS does not call its motion one for reargument does not make it any less so; EIS presents the same arguments, seeking the same relief, as in EIS's original motion.

If not deemed a L.R. 7.1.5(a)-violating motion for reargument, then surely it is a motion for reconsideration subject to the demands of Rule 59(e), Fed. R. Civ. P. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999). A proper Rule 59(e) motion should rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F. 3d 666, 669 (3d Cir. 2010).[3] None of these justifications exists here. EIS cites no intervening change in controlling law. EIS cites no new evidence relating to the critical threshold issue on which its original motion was denied. EIS does not argue that there is any need to correct a clear error of law or fact made by this Court, or to prevent manifest injustice. Satisfaction of the any of the rigorous requirements for reconsideration under Fed. R. Civ. P. 59(e) has not been demonstrated.

---

[3] Motions for reargument or reconsideration also may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). To the extent any facts or issues raised in EIS's "new" motion could have been, but were not, previously raised and briefed in its original motion, EIS is precluded from raising them now. *Id.* The Court should be especially wary of new "red herrings" raised by EIS that relate to neither WOW Tech's '220 Patent, EIS, nor any accused EIS product, none of which relates to EIS's failure to establish likelihood of success, and all of which are thus irrelevant today.

"A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Sentient Sensors,* 2021 WL 1966406, at *1, quoting *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009).  Yet that is all EIS now seeks – that the Court "rethink" its decision that neither the first-to-file rule, the All Writs Act, nor the Court's inherent powers are available to EIS for sidestepping the "gateway" likelihood-of-success requirement of Rule 65, Fed. R. Civ. P.  EIS presents no valid justification for such "rethinking" and there is none.

Despite clear precedent against it, EIS plainly asks the Court to "rethink a decision already made," and nothing more.  EIS again asks the Court to sidestep FRCP 65, and to now sidestep Rule 59(e) and this Court's Local Rule 7.1.5(a) as well, to "rethink" availability of the All Writs Act or the Court's inherent powers to grant emergency relief, which issue was previously explicitly briefed, and which the Court correctly concluded that it may not do.

In sum, because EIS's 15-page brief violates L.R. 7.1.5(a), and fails to even mention, let alone address, the demanding requirements for reconsideration under Fed. R. Civ. P. 59(e), and further omits any discussion of EIS's previous failure to demonstrate the "gateway" requirement of likelihood of success on the merits under Rule 65, the "new" motion should be summarily denied as both procedurally improper and substantively wrong.

In addition, the "new" motion is as substantively unsound as it was when the Court decided the original motion on December 10.  Out of an overabundance of caution, and to avoid any implied waiver or forfeiture of the argument, we now reprint *verbatim* what was said in WOW Tech's December 9 supplemental brief *requested by this Court* on the issues of the first-to-file rule, the All Writs Act, and the Court's inherent powers (D.I. 155):

> None of the first-to-file rule, inherent powers, or the All Writs Act are **alternatives** for a failed Rule 65 motion for a preliminary injunction. As the Court recognized, EIS has not met its burden on likelihood of success. The analysis regarding the requested *extraordinary* relief of a temporary restraining order or preliminary

injunction must stop here. Without a likelihood of success, a TRO/PI analysis should not even proceed to the other factors of irreparable harm, balance of the equities, or public interest. *Reilly v. City of Harrisburg*, 858 F. 3d 173, 175-79 (3rd Cir. 2017) (where a preliminary injunction is sought by, and for the benefit of, a party, then the traditional factors for determining entitlement to such relief apply, and the movant must meet the "gateway factor" that it can win on the merits before analysis of any other factor is necessary or appropriate).

* * *

***First to File Rule Does Not Apply When No Litigation Has Been Filed***
When there are parallel actions in different districts, courts must also consider the first-to-file rule in deciding a motion to transfer. *Roku, Inc. v. Almondnet, Inc.*, 2021 WL 5299247, at *3 (D. Del. Nov. 15, 2021) (emphasis added). The first-to-file rule "applies only when two similar actions are pending in two federal courts." *American Bankers Life Assurance Co. of Florida v. Overton*, 2005 WL 943522 * 3 (5th Cir. April 21, 2005). "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F. 3d 1283, 1299 (Fed. Cir. 2012). The first-to-file rule serves the purpose of avoiding duplicative litigation over the same subject matter. *Crosley Corp. v. Hazeltine Corp.*, 122 F. 2d 925, 930 (3d Cir. 1941).

The first-to-file rule is inapplicable here. First, there are not two parallel actions in different federal courts. Second, there is no risk of conflicting decisions between federal courts. Lastly, there is no concern of judicial efficiency since this is the only federal court with the subject matter before it.

***All Writs Act Cannot Be Used as an End-Run Around Burden of Proof for Injunctive Relief***
The All Writs Act "invests a court with a power essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law." *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999); *see also Klay v. United Healthgroup, Inc.*, 376 F. 3d 1092, 1100 (11th Cir. 2004). This includes motions under Rule 65 of the Federal Rules of Civil Procedure. *Schiavo ex rel. Schindler v. Schiavo*, 403 F. 3d 1223, 1229 (11th Cir. 2005) (noting "that where the relief sought is in essence a preliminary injunction, the All Writs Act is not available because other, adequate remedies at law exist, namely Fed. R. Civ. P. 65, which provides for temporary restraining orders and preliminary injunctions"); *Klay*, 376 F. 3d at 1101 n. 13; *Fla. Med. Ass'n v. U.S. Dep't of Health, Educ. & Welfare*, 601 F. 2d 199, 202–03 (5th Cir. 1979) (reversing the district court's grant of injunction under the All Writs Act because "Rule 65 provides sufficient protection for the jurisdiction of the district court").

In short, EIS may not use an All Writs injunction as a short-cut around the well-established case law for obtaining a temporary restraining order under Rule 65, including the required showing of likelihood on the merits. *See Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) (All Writs Act does not authorize courts to issue "ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate."). Where a preliminary injunction is

sought by, and for the benefit of, **a party**, then the traditional factors for determining entitlement to such relief apply, and the movant must meet the "gateway factor" that it can win on the merits. *Reilly v. City of Harrisburg*, 858 F. 3d 173, 175-79 (3rd Cir. 2017). It is the singular focus on the integrity of court orders and proceedings that limits the scope of the All Writs Act. For this reason, it does not provide EIS the authority to seek an injunction without proving likelihood of success on the merits *and* irreparable harm, public interest, and balance of the equities. Again, EIS failed to prove likelihood of success on the merits; EIS cannot now turn around and use the All Writs Act to escape its failure to satisfy that threshold requirement.

Moreover, the All Writs Act is an "extraordinary remedy," and it does not "enlarge" a court's jurisdiction. *Clinton*, 526 U.S. at 534-35. Under the All Writs Act, a court may only issue writs "necessary or appropriate in aid of" its *existing* jurisdiction and "agreeable to the usages and principles of law." *See id.* (quoting 28 U.S.C. § 1651(a)). "[T]he express terms of the Act confine the power of the [court] to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction[.]" *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999); *see also In re Convertible Rowing Exerciser Patent Litig.*, 616 F. Supp. 1134, 1139 (D. Del. 1985) ("The All Writs Act…***serves to protect courts and not parties.***"). Amazon's UPNE delisting does not in any way affect or threaten or diminish this Court's *jurisdiction*. The Court has subject matter jurisdiction of the case, personal jurisdiction over the parties, and the power to order whatever relief either party proves it is entitled to under FRCP 65 or any other rule or statute. The All Writs Act is simply not available as an alternative route for EIS to get preliminary injunctive relief.

Furthermore, an injunction under the All Writs Act is not appropriate simply because another forum may reach judgment on an issue first. *Grider v. Keystone Health Plan Cent, Inc.*, 500 F. 3d 322, 329-330 (3d Cir. 2007). The action "must interfere with the federal court's own path to judgment." *In re Diet Drugs*, 282 F. 3d 220, 234 (3d Cir. 2002). It is of no moment that Amazon has acted with respect to an issue of infringement while this Court will hear the same issue. The well-established corollary is the fact that the PTAB acts with respect to an issue of invalidity, *as EIS has requested in this case*, does not *interfere with* this Court's jurisdiction in this parallel district court litigation, even though this Court will hear and decide the same issue later.

***While This Court's Inherent Authority Is Broad, It Cannot Circumvent the Requirement that Likelihood of Success be Proven for Preliminary Injunctive Relief***

The Court's inherent authority is not an alternative legal pathway to granting a TRO where EIS has failed to show likelihood of success on the merits. The inherent powers district courts possess "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962), have certain limits. The exercise of an inherent power must be a "reasonable response to the problems and needs" confronting the court's fair

> administration of justice and cannot be contrary to any express grant of, or limitation on, the district court's power contained in a rule or statute. *Degen v. United States*, 517 U.S. 820, 823-824 (1996). Thus, a district court may not use its inherent powers to disregard the constraints placed on the grant of preliminary injunctions under Fed. R. Civ. P. 65. The fact remains, Rule 65 is available to EIS but because EIS cannot meet the gateway test of likely success on the merits, its application must be denied. No matter how one views the equities (and WOW Tech respectfully urges that WOW Tech, not EIS, is the aggrieved party), EIS cannot obtain preliminary injunctive relief under Fed. R. Civ. P. 65 because it failed to satisfy the likelihood of success requirement, and its other asserted bases for such relief are not appropriate substitutes. (All emphasis original, footnote omitted).

Finally, EIS's "alternative" request for "limited expedited discovery" simply seeks a wholly unjustified "expediting fishing expedition" in search of a non-existent inequitable conduct defense, whether viewed in the context of EIS's repetitive motions for extraordinary relief or in the overall context of the current case management order (D.I. 65) that was only recently renegotiated, amended, and stipulated by EIS on October 12, 2021 (D.I. 123). EIS offers no explanation why it has not already conducted the discovery it now seeks on an expedited basis regarding the '220 Patent (which patent EIS did not oppose adding to this action only two weeks after that patent was granted on August 17, 2021 (see D.I. 108)).

## VI. CONCLUSION

For the foregoing reasons, EIS's "new" motion for emergency relief under the All Writs Act and the Court's inherent power should be denied, first as an improper motion for reargument, second as an unwarranted motion for reconsideration, and third as an affront to this Court. EIS's "alternative" motion for expedited discovery that EIS could have taken at any time since early September but chose not to conduct should also be denied.

| | |
|---|---|
| Date:  December 20, 2021 | **CHIPMAN BROWN CICERO & COLE, LLP** |
| | |
| | _/s/ Paul D. Brown_ |
| OF COUNSEL: | Paul D. Brown (No. 3903) |
| Tammy J. Terry | Joseph B. Cicero (No. 4388) |
| Califf Cooper | Hercules Plaza |
| **OSHA BERGMAN WATANABE &** | 1313 North Market Street, Suite 5400 |
| **BURTON LLP** | Wilmington, Delaware 19801 |
| Two Houston Center | (302) 295-0191 |
| 909 Fannin, Suite 3500 | brown@chipmanbrown.com |
| Houston, TX 77010 | cicero@chipmanbrown.com |
| (713) 228-8600 | |
| OLWOWTechDE@obwbip.com | _Attorneys for Defendants_ |