IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1227 (GBW) |
| | ) |
| INTIHEALTH GER GMBH, | ) |
| WOW TECH USA, LTD., | ) |
| WOW TECH CANADA, LTD. and | ) |
| NOVOLUTO GMBH, | ) |
| | ) |
| Defendants. | ) |
| NOVOLUTO GMBH, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| EIS, INC., EIS GMBH, | ) |
| TRIPLE A IMPORT GMBH, | ) |
| and TRIPLE A MARKETING GMBH, | ) |
| | ) |
| Counterclaim Defendants. | ) |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS REGARDING
COUNTERCLAIM-DEFENDANTS' MOTION TO STRIKE
<u>UNTIMELY DOCTRINE OF EQUIVALENTS ALLEGATIONS</u>**

Honorable Gergory B. Williams
March 6, 2023
Page 1

Dear Judge Williams:

    Plaintiff EIS, Inc. and Counterclaim-Defendants EIS GmbH, Triple A Import GmbH, and Triple A Marketing GmbH (collectively, "EIS") respectfully request that this Court strike a new theory of infringement under the Doctrine of Equivalents ("DOE") that Defendant and Counterclaimant Novoluto GmbH ("Novoluto") disclosed for the first time during expert discovery, in an opening expert report on infringement served on February 8, 2023. Ex. 1 (Dr. Cameron's February 8, 2023 Infringement Expert Report) at ¶ 150 ("To the extent that EIS argues that the opening identified is not the sole opening of the chamber to an exterior of the stimulation device (which I disagree with), ***this element would also be met under the doctrine of equivalents***." (emphasis added)); *id.* at ¶ 167 (same).[1]

    Prior to Dr. Cameron's report, Novoluto had consistently taken the position throughout this litigation that "each limitation of each asserted claim is ***literally present*** in each Accused Product." Ex. 2 (Novoluto's August 6, 2021 Initial Infringement Contentions) at 2 (emphasis added); Ex. 3 (Novoluto's August 26, 2022 Final Infringement Contentions) at 3 (same). It had never asserted infringement of any claim limitation under DOE. Novoluto's disclosure of its new DOE theory for the first time during expert discovery was not justified or harmless and should be stricken. *See e.g., TQ Delta, LLC, v. Comcast Cable Comm's LLC*, No. 15-612-RGA (D. Del. May 24, 2022) at *15 (striking untimely DOE theory from Second Amended Final Infringement Contentions); *ViaTech Tech.'s, Inc. v. Microsoft Corp.*, No. 14-570-RGA, 2021 WL 663057 at *4 (D. Del. Feb. 19, 2021) (excluding new DOE theories first raised in an expert report); *Arendi S.A.R.L. v. Motorola Mobility LLC*, No. 12-1601-LPS, D.I. 250 (D. Del. January 25, 2021) (oral order striking untimely DOE theory from expert report).

## I.    FACTUAL BACKGROUND

    Pursuant to the Scheduling Orders governing this case, Novoluto served its Final Infringement Contentions on August 26, 2022 (Ex. 2), fact discovery closed on September 9, 2022, Novoluto elected its asserted claims on January 17, 2023, and EIS elected its prior-art-based invalidity arguments on January 23, 2023. D.I. 126 at 3-4, D.I. 288 at ¶ 1 (as modified by D.I. 299). Novoluto then, after final contentions on both sides, disclosed its new DOE theory on February 8, 2023. Ex. 3 at ¶¶ 150, 167.

    Novoluto's infringement contentions set forth only literal infringement theories, without any reservation that one or more claim elements was met under DOE. Ex. 2 at 2; Ex. 3 at 3. At least as early as July 7, 2021, Novoluto was on notice that EIS did not understand Novoluto to be asserting a DOE theory. In response to an interrogatory seeking the "factual and legal bases for EIS's contention that Novoluto's claims are barred or limited in whole or in part by the doctrine of ensnarement," EIS stated that "Defendants have not asserted that any Accused Product practices any claim limitations under the doctrine of equivalents." Ex. 4 at 19-20.

---

[1] The claim limitation at issue appears in independent claim 1 of both U.S. Patent Nos. 11,090,220 and 11,103,418, and reads, in pertinent part: "the opening being a sole opening of the chamber to an exterior of the stimulation device."

Honorable Gergory B. Williams
March 6, 2023
Page 2

Thus, all parties had understood for over a year and a half before Novoluto served Dr. Cameron's report that DOE was not at issue, and Novoluto was on notice of EIS's non-infringement position.

## II. LEGAL STANDARD

"Infringement contentions ... serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim." *Intellectual Ventures I LLC v. AT&T Mobility LLC,* 2017 WL 658469, at *2 (D. Del. Feb. 14, 2017). In this Court, infringement contentions are treated as initial disclosures under Federal Rule of Civil Procedure 26(a). *Id.* at *2; Delaware Default Standard for Discovery § 4. A party's failure to disclose under Rule 26(a) "may lead to exclusion of the materials in question" under Rule 37(c)(l). *Intellectual Ventures I,* 2017 WL 658469, at *7. In particular, "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(l); *see also ViaTech Technologies, Inc. v. Microsoft Corporation,* 2021 WL 663057, *1 (D. Del. Feb. 19, 2021) ("Infringement contentions that are not timely disclosed under Rule 26(a) may be subject to exclusion under Rule 37(c)(l).").

*TQ Delta* at *7 (alterations and ellipses in original).

The *Pennypack* factors determine whether a failure to timely disclose was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in not disclosing the evidence; and (5) the importance of the information withheld." *Id.* at 7-8 (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904-905 (3d Cir. 1977)). In sophisticated, complex litigation, such as this case, where a party is represented by competent counsel, courts "have been less indulgent in their application and more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied." *Id.* at 11.

## III. ANALYSIS

1. <u>EIS is Surprised and Prejudiced</u>. "[A] new DOE theory can affect nearly every aspect of the defense and may require adjustments to [EIS's] strategy, discovery, and other defense efforts. By failing to timely disclose the . . . DOE Theory, [Novoluto] deprived [EIS] of the opportunity to conduct full factual discovery on the various issues that are affected by the new DOE theory (prior art, obviousness, ensnarement, etc.)." *TQ Delta* at *9. EIS had already narrowed its invalidity arguments before learning of the new DOE theory and did not have the opportunity to supplement its invalidity contentions. Thus, this factor favors striking the DOE theory. *See TQ Delta* at *12-13.

2. <u>The Prejudice Cannot Be Cured</u>. As judges on this Court and the Federal Circuit have recognized, "the prejudice resulting from the failure to timely disclose DOE theories cannot be cured. *See TQ Delta,* at *13 (citing *Realtime Data, LLC v. Morgan Stanley*, 554 F. App'x 923, 937-38 (Fed. Cir. 2014); *Amgen Inc. v. Amneal Pharms. LLC,* 2018 WL 1885664, *7 (D. Del. 2018)). The additional expense incurred by reopening discovery and revisiting contentions after case narrowing has already occurred further weigh in favor of striking the DOE theory. *See id.*

Honorable Gergory B. Williams
March 6, 2023
Page 3

       3. Delay and Disruption is Likely.  Where expert discovery had begun just before resolution of a motion to strike, and trial was not yet scheduled, this Court has found this factor favors striking an untimely DOE theory.  See TQ Delta at *14.  Existing discovery responses and contentions may need to be amended, and discovery may need to be reopened, all of which would cause disruption and delay.  See id.

       4. Bad Faith or Willfulness.  Novoluto had all information it needed to develop its untimely DOE theory for over a year before opening expert reports.  During a meet and confer, Novoluto's counsel represented that it "did not understand" EIS's non-infringement argument until the claim construction hearing, but that argument was described in multiple briefs, and Novoluto did not seek to amend its contentions after the hearing, when it supposedly first understood the argument. See, e.g., D.I. 140 at 7-9 (EIS describing non-infringement position in TRO motion); D.I. 238 at 50 ("EIS argues the 'opening' identified in the . . . infringement contentions is 'not an opening of *the* alleged "chamber"'"); id. at 37-39.  Under such circumstances, this factor has been, at best, neutral.  See e.g., ViaTech Tech. at *5 ("I do not understand how Plaintiff's experienced lawyers could have thought that springing clearly new [DOE] theories on a defendant in opening expert reports was in compliance with the scheduling order, the Rules, or expected standards of practice."); TQ Delta at *14-15.

       5. The DOE Theory is Not Sufficiently Important to Justify Untimely Disclosure.  Striking the DOE theory does not leave Novoluto without an infringement theory moving forward.  Indeed, Novoluto has a literal infringement theory that it has briefed and included in an expert report.  D.I. 146 at 4; Ex. 1, ¶¶ 150, 167.  Because the DOE theory is an alternate to literal infringement, it is not important enough to weigh against being stricken.  See TQ Delta at *15. ("Striking the Source Code DOE Theory from the Second Amended Final Infringement Contentions does not leave TQ Delta without an infringement position moving forward.  Indeed, TQ Delta continues to have its literal infringement claim . . ."); ViaTech Tech. at *2 ("Plaintiff does not need the DOE theories; it simply wants to advance new and additional theories.").

       For the foregoing reasons, the Pennypack factors weigh in favor of striking Novoluto's untimely DOE Theory.  EIS therefore respectfully requests the Court enter an order striking the DOE Theory from paragraphs 150 and 167 of Dr. Cameron's Infringement Expert Report.

                                 Respectfully,

                                 */s/ Jack B. Blumenfeld*

                                 Jack B. Blumenfeld (#1014)

JBB/lkm
Attachments

cc:    Clerk of Court (via hand delivery; w/attachments)
        All Counsel of Record (via electronic mail; w/attachments)