**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EIS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 19-cv-1227-GBW |
| INTIHEALTH GER GMBH, WOW TECH USA, LTD., WOW TECH CANADA, LTD. and NOVOLUTO GMBH, | § § § § § | Demand For Jury Trial |
| Defendants. | § § | |

| | | |
|---|---|---|
| NOVOLUTO GMBH, | § § § | |
| Counterclaimant, | § § | |
| v. | § § | |
| EIS, INC., EIS GMBH, TRIPLE A IMPORT GMBH, and TRIPLE A MARKETING GMBH, | § § § § § | |
| Counterclaim Defendants. | | |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS
REGARDING DEFENDANT/COUNTERCLAIMANT NOVOLUTO GMBH'S
MOTION TO STRIKE PLAINTIFF'S AND COUNTERCLAIM-DEFENDANTS'
ELECTION OF PRIOR-ART-BASED INVALIDITY ARGUMENTS
<u>PURSUANT TO IPR ESTOPPEL, 35 U.S.C. § 315(e)(2)</u>**

Honorable Gregory B. Williams
March 9, 2023
Page 1

Dear Judge Williams:

Defendant/Counterclaimant Novoluto GmbH ("Novoluto") requests the Court strike Plaintiff EIS, Inc.'s, and Counterclaim-Defendants' EIS GmbH, Triple A Import GmbH, and Triple A Marketing GmbH (collectively, "EIS") January 23, 2023 Election of Prior-Art-Based Invalidity Arguments (Exh. 1) as to U.S. Patents Nos. 9,937,097 ("the '097 Patent"), 9,763,851 ("the '851 Patent"), and 9,849,061 ("the '061 Patent") in view of EIS's reliance on grounds and prior art combinations that EIS actually raised or reasonably could have raised in EIS's three failed IPRs challenging those same patents. Any such reliance at trial by EIS is barred by statutory IPR estoppel, 35 U.S.C. § 315(e)(2).

## I.   FACTUAL BACKGROUND

EIS filed three separate petitions with the Patent Trial and Appeal Board ("PTAB") to institute three separate IPRs against claims in each of Novoluto's '097, '851, and '061 Patents. In IPR2019-01302 ("the '1302 IPR"), EIS challenged validity of all claims of the '097 Patent, identifying at least the following prior art references in its petition: U.S. Patent No. 5,725,473 ("Taylor"); Chinese Utility Model Patent No. 2153351 Y ("Guan"); U.S. Patent No. 6,964,643 B2 ("Hovland"); U.S. Patent No. 7,828,717 B2 ("Lee"); and Kevin L. Billups, *The Role of Mechanical Devices in Treating Female Sexual Dysfunction and Enhancing the Female Sexual Response*, 20 World J. Urol. 137 (2002) ("Billups"). *See* Exh. 2 (IPR2019-01302, Paper 1). In IPR2019-01444 ("the '1444 IPR"), EIS challenged validity of 6 claims of the '851 Patent, identifying at least the following prior art references in its petition: Guan; Hovland; U.S. Patent No. 5,813,973 ("Gloth"); U.S. Patent No. 8,579,837 B1 ("Makower"); and Billups. *See* Exh. 3 (IPR2019-01444, Paper 1). In IPR2020-00007 ("the '0007 IPR"), EIS challenged validity of all claims of the '061 Patent, identifying at least Taylor, Hovland, U.S. Patent Publication No. 2013/0261385 A1 ("Zipper"), and Billups in its petition. *See* Exh. 4 (IPR2020-00007, Paper 1). In all three IPRs, the PTAB issued final written decisions under 35 U.S.C. § 318(a) confirming patentability of all challenged claims. *See* Exhs. 5, 6, and 7. A more detailed explanation of the IPR proceedings is in the Expert Report of Robert L. Stoll (Exh. 8, "Stoll Report"), ¶¶ 114-130.

On January 23, 2023, EIS served its narrowed "Election of Prior-Art-Based Invalidity Arguments" (Exh. 1) identifying the following seven references as being asserted against the '097, '851, and '061 Patents: Taylor; Guan; Lee; Hovland; Eros Clitoral Therapy Device, SKU: 364215376135191 ("Eros" or "the Eros CTD"); U.S. Patent Pub. No. 2017/0281457 A1 ("Witt"); and Chinese Utility Model No. 201139737Y ("Yang"). Of those seven references, the first four were specifically asserted by EIS in grounds submitted to the PTAB during the IPRs, the fifth is a "therapy device" that is described in one of the previously asserted IPR patent references and in Billups, and the last two are new and had neither been cited nor considered in any of the IPRs.

The Eros CTD was invented by Claire Hovland, who obtained several patents related to the device including the same Hovland reference that EIS relied on in asserted grounds in all three IPRs. The Eros CTD is further discussed in the Billups article that EIS submitted to the PTAB with its petitions in all three IPRs. Stoll Report (Exh. 8), ¶¶ 139-143. The Eros CTD is the exact commercial embodiment of the same Hovland reference that EIS relied on in asserted grounds in all three IPRs, and is marked with the same Hovland patent number. *See* Exh. A to Declaration Of Dr. Kimberly Cameron, Ph.D. (Exh. 9), ¶ 2.

Witt is an EIS-owned reference, the U.S. patent application for which EIS filed in 2016. Stoll Report (Exh. 8), ¶¶ 146-148.  Even if EIS denies knowing about its own patent application publication (Witt), a skilled searcher conducting a diligent search reasonably would have been expected to discover Witt (saving for another day the fact that Witt is not prior art to any of the patents-in-suit).  *Id.*, ¶¶ 149-159.

Using conventional keyword, CPC and IPC searching techniques[1] on commercial patent databases, both Mr. Stoll and the commercial prior art search firm Clarivate identified the Yang reference in prior art searches for Novoluto's '097, '851, and '061 Patents.  *See* Stoll Report (Exh. 8), ¶¶ 160-171.  In both instances, searches conducted with reasonable diligence turned up the Yang reference.  *Id.*, ¶ 161.  The combination of the amount of time, effectiveness of the search resulting in locating Yang, and the databases searched, demonstrates a reasonable level of diligence in Clarivate's searching.  *Id.*, ¶ 173.

## II. LEGAL STANDARD FOR APPLICATION OF IPR ESTOPPEL

"The petitioner in an *inter partes* review of a claim in a patent ... that results in a final written decision ... may not assert ... in a civil action ... that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2).  "As other courts in this district [of Delaware] have noted, estoppel under § 315(e) is 'broad and ... the prior art references or combinations a petitioner 'could have raised' includes any references that were known to the petitioner or that could reasonably have been discovered by 'a skilled researcher conducting a diligent search.'"  *TrustID, Inc. v. Next Caller Inc.*, No. 18-172 (MN), 2021 WL 3015280, at *1, (D. Del. July 6, 2021), citing *Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*, No. 13-CV-2072 (KAJ), 2017 WL 1045912, at *11 (D. Del. Feb. 22, 2017).  "Allowing [the losing IPR petitioner] to raise arguments here that it elected not to raise during the IPR would give it a second bite at the apple and allow it to reap the benefits of the IPR without the downside of meaningful estoppel."  *Parallel Networks*, 2017 WL 1045912, at *12.  IPR "estoppel is effective as of the issuance of the prior written decision," regardless of the status or pendency of any appeal of such proceeding.  *Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1043 (Fed. Cir. 2022).

A reasonably diligent search is at least one "where (1) the patentee identified a search string that, if used to search the same subclass as the patent-in-suit, would have identified the reference, and (2) the string included terms that appeared in the patent-in-suit numerous times."  *Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, No. 14-1480-RGA, 2022 WL 4548644, *3-5 (D. Del. Sept. 29, 2022) (citations omitted).  And, the fact that previous searches did not identify the reference in question is merely evidence that those earlier searches were not diligent.  *Id.*, at *4.  As this Court's Magistrate Judge Hall recently stated: "For my part, I'm not sure that § 315(e) leaves any room for a patent challenger to argue that it could not reasonably have raised an indexed, searchable U.S. patent in its prior IPR proceedings.  Indeed, Micron does not cite any case where such a failure was ultimately excused." *Id*.  The same is true of all indexed, searchable patents.

---

[1] The USPTO has adopted the Cooperative Patent Classification (CPC) system, and publishes CPC codes and the International Patent Classification (IPC) classes to which a U.S. patent is assigned on the face or cover page of the patent.  *See, e.g.,* Stoll Report (Exh. 8), ¶ 163.

Finally, although petitioners may only assert printed publications in IPRs, and not physical products, a petitioner may not escape IPR estoppel at trial by merely replacing a previously asserted printed publication asserted in the failed IPR with a physical product that embodies that same printed publication. *Wasica Finance GmbH v. Schrader Int'l, Inc.*, 432 F.Supp.3d 448, 453 (D. Del. 2020). As this Court has concluded, § 315(e)(2) estoppel precludes the accused infringer from asserting "grounds" at trial that were or reasonably could have been raised in an unsuccessful IPR, not specific "evidence" asserted in the IPR—therefore, mere substitution of the physical product embodying patents and printed publications actually asserted in the IPR does not constitute a new "ground" that escapes statutory IPR estoppel. *Wasica Finance*, 432 F.Supp.3d at 453-455.

### III. EIS IS ESTOPPED FROM RAISING ALL SEVEN ASSERTED REFERENCES AGAINST THE '097, '851, AND '061 PATENTS

There can be no doubt that EIS is estopped from raising invalidity challenges that include any of Taylor, Guan, Lee or Hovland, *i.e.*, the same four references EIS actually asserted in its unsuccessful IPRs. Nor can there be any doubt that EIS could have asserted Witt, its own published patent application filed in 2016, in its 2019-filed IPRs. All of these references are unquestionably ones that EIS "reasonably could have raised" in its failed IPRs; EIS is estopped from asserting any of them against the '097, '851, and '061 Patents at trial in this case.

Meanwhile, Yang was in fact discovered by two searchers (Mr. Stoll and Clarivate) independently by searching commercial databases using conventional keyword, CPC and IPC code prior art searching techniques, proving that Yang "could reasonably have been discovered by 'a skilled searcher conducting a diligent search.'" *Parallel Networks*, 2017 WL 1045912, at *11. EIS is also estopped from asserting Yang against the '097, '851, and '061 Patents at trial in this case.

Finally, under the circumstances here, where the Eros CTD discloses no more than the same Hovland reference that EIS relied on in asserted grounds in all three failed IPRs, and is further discussed in the Billups article that EIS submitted to the PTAB with all of its petitions, EIS's mere switching the Eros CTD for previously-raised Hovland and Billups does not result in any new, non-estoppel ground of invalidity. EIS is also estopped from asserting the Eros CTD product against the '097, '851, and '061 Patents at trial in this case.

For all of the foregoing reasons and authorities, EIS is estopped by the provisions of 35 U.S.C. § 315(e)(2) from asserting any of the prior-art-based invalidity arguments identified in its January 23, 2023 Election (Exh. 1) with respect to the '097, '851, and '061 Patents.

                  Respectfully,

                  */s/ Paul D. Brown*

                  Paul D. Brown (#3903)

Attachments

cc:  Clerk of Court (via hand delivery; w/attachments)
    All Counsel of Record (by CM/ECF and E-mail; w/attachments)