IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1227 (GBW) |
| | ) |
| INTIHEALTH GER GMBH, | ) |
| WOW TECH USA, LTD., | ) |
| WOW TECH CANADA, LTD. and | ) |
| NOVOLUTO GMBH, | ) |
| | ) |
| Defendants. | ) |
| NOVOLUTO GMBH, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| EIS, INC., EIS GMBH, | ) |
| TRIPLE A IMPORT GMBH, | ) |
| and TRIPLE A MARKETING GMBH, | ) |
| | ) |
| Counterclaim Defendants. | ) |

**PLAINTIFF'S LETTER BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE EIS'S ELECTION OF PRIOR-ART-BASED INVALIDITY ARGUMENTS**

OF COUNSEL:

Naveen Modi
Allan M. Soobert
Chetan Bansal
David Valente
James Razick
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC  20036
(202) 551-1700

March 20, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff*

Dear Judge Williams:

Plaintiff EIS, Inc. ("EIS") opposes Defendant Novoluto's ("Novoluto") motion to strike EIS's invalidity grounds for the '851, '061, and '097 patents ("Motion" or "Mot.").[1] D.I. 321-322. Novoluto's Motion should be denied for the following reasons.

*First*, the Motion is premature. The parties are currently in the middle of expert discovery, which addresses the issue of estoppel. Novoluto served an expert report on estoppel from Robert Stoll, which relies on a declaration from Long Nguyen. EIS's responsive expert report is due on March 22, 2023, and EIS plans to depose both Mr. Stoll and Mr. Nguyen. Thus, there was no reason for Novoluto to have filed this motion before the end of expert discovery. In fact, Novoluto filed a similar motion earlier in this case and Judge Stark denied that motion as premature. D.I. 192.

Moreover, although styled as a motion to strike, Novoluto's motion is, in essence, a summary judgment motion. Summary judgment motions are not yet due, and Novoluto's motion fails to abide by this Court's order regarding the ranking of summary judgment motions. D.I. 306.

*Second*, Novoluto, as the patentee, cannot meet its burden of establishing estoppel with respect to grounds that include either the Eros Therapy Device ("Eros" or "Eros Product") or Yang. *See TrustID, Inc. v. Next Caller Inc.*, C.A. No. 18-172 (MN), 2021 WL 3015280, at *1 (D. Del. July 6, 2021) (The patentee "bears the burden of establishing estoppel under § 315(e)(2)."); D.I. 322, Exh. 1 at 1-3. No estoppel applies to any grounds including the Eros Product for the following reasons: (1) Eros is product prior art – not a patent or printed publication; and (2) Novoluto fails to show that its identified printed publications disclose the same features in Eros that EIS relies upon.

With respect to Yang, Novoluto's testimonial evidence fails, as a matter of law, because neither of its declarants explain why their respective search strings "would be part of a skilled searcher's diligent search." *TrustID*, 2021 WL 3015280, at *1. Instead, the search strings are clearly based on hindsight. *Palomar Techs., Inc. v. MRSI Sys., LLC*, No. 1:18-cv-10236-FDS, 2020 WL 2115625, at *3 (D. Mass. May 4, 2020) ("It is almost always possible to construct a search scenario—particularly with the benefit of hindsight—under which a skilled searcher could locate a reference with a relatively small number of steps."). For example, the search strings include certain terms (e.g., "reciproca*") that are not found in the patents-at-issue. As such, there is no credible evidence that a diligent searcher would or could have located Yang at the time the IPRs were filed in 2019. Indeed, Yang was only discovered by EIS after a May 2022 third party submission in one of Novoluto's pending patent applications.

### I.   NOVOLUTO'S MOTION IS PREMATURE

Defendants' Motion essentially seeks summary judgment and should be denied as premature, particularly because the issues of estoppel are subject to expert discovery, which is currently ongoing. Defendants cite no authority supporting a finding of estoppel before expert discovery has concluded. *TrustID* involved a motion *in limine* on the eve of trial. *TrustID*, 2021

---

[1] EIS does not oppose Novoluto's motion with respect to grounds for the '851, '061, and '097 patents that do not include at least one of the Eros Product or Yang.

The Honorable Gregory Williams                                                    March 20, 2023

WL 3015280, at *1.  *Parallel Networks* involved a motion for summary judgment.  2017 WL 1045912, at *11–12.  And so did *Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, C.A. No. 14-1480-RGA, 2022 WL 4548644, at *1 (D. Del. Sept. 29, 2022).

Notably, there is no serious prejudice to Novoluto, as summary judgment motions are due on May 12, less than two months from now.  In contrast, EIS will be severely prejudiced, as it would not have the opportunity to cross-examine Novoluto's expert and fully develop its testimonial evidence within the time prescribed by this Court's Scheduling Order.

## II.   ESTOPPEL DOES NOT APPLY TO GROUNDS BASED ON THE EROS PRODUCT OR YANG

### A.   Eros Product

No ground that is based on the Eros Product is subject to estoppel, because it is a product or physical prior art and "§ 315(e)(2) does not estop an IPR petitioner's use in litigation of an invalidity theory that relies upon a product as a prior art reference because a prior art product cannot be used as a reference to challenge the validity of a patent claim in an IPR." *Chemours Co. FC, LLC v. Daikin Indus., Ltd.*, C.A. No. 17-1612 (MN), 2022 WL 2643517, at *1 (D. Del. July 8, 2022).  This is true even if the ground includes Eros in combination with patent prior art or a publication.  *Microchip Tech. Inc. v. Aptiv Servs. US LLC*, C.A. No. 17-1194-JDW, 2020 WL 4335519, at *4 (D. Del. July 28, 2020) ("Section [315] therefore does not estop references based on physical prior art, whether standing alone or in combination with a printed reference[, and] ... nothing estops [the defendant] from raising invalidity arguments based on a combination of written and physical references.").

Relying on *Wasica Finance GmbH v. Schrader Int'l, Inc.*, 432 F.Supp.3d 448, 453 (D. Del. 2020), Novoluto contends that EIS has switched the Eros Product "for previously-raised Hovland and Billups," and that a Petitioner may not escape IPR estoppel by "merely replacing a previously asserted printed publication asserted in the failed IPR with a physical product that embodies that same printed publication."  D.I. 322 at 1-3.  But *Wasica Finance* does not comport with the plain language of 35 U.S.C. § 315(e)(2), and "[a]s a matter of statutory interpretation, estoppel does not apply to the prior-art products . . . regardless of whether those products are 'cumulative'" of other printed publications that Petitioner knew or could have reasonably discovered through a diligent search.  *Chemours*, 2022 WL 2643517, at *1.

Nevertheless, even if this Court were to follow *Wasica Finance*, no estoppel can apply as to any ground including the Eros Product, because Novoluto fails to demonstrate that the Eros Product "is materially identical (i.e., discloses the same claim elements)" to Hovland or Billups.  *Id.* at *455.  In *Wasica Finance*, the Patent Owner submitted a claim chart demonstrating that all relevant features of the product prior art were found in the relevant printed publication.  *Id.* at *453.  Novoluto makes no such attempt here.  Instead, it alleges that the Eros device "is the exact commercial embodiment of the . . . Hovland reference" at issue in the IPRs and the box of the Eros device "is marked with the same Hovland patent number."  D.I. 322 at 1 (citing Exh. 8, ¶¶139-143).  Novoluto's declarant, Mr. Stoll, however, does not demonstrate that each feature relied upon by EIS in the actual Eros Product is present and explicitly disclosed by the Hovland reference or the Billups paper.  D.I. 322 (Exh. 8, ¶¶139-143).  He only generally testifies that the Eros Product

is described in these two references.  *Id.*  Such conclusory testimony is insufficient to satisfy Novoluto's burden, even under *Wasica Finance*.

   B.   Yang

Estoppel does not apply to any ground based on Yang, because Novoluto has failed to meet its burden of proving that Yang was "known to [EIS] or . . . could have been reasonably discovered" by a skilled searcher. *TrustID,* 2021 WL 3015280, at *1.  Novoluto makes no showing that Yang was known to EIS.  (*See* Mot. at 1-3.)  Nor can it demonstrate that a skilled searcher could have discovered Yang by a diligent search.  "One way to show what a skilled search would have found would be (1) to identify the search string and search source that would identify the allegedly unavailable prior art and (2) present evidence, likely expert testimony, why such a criterion would be part of a skilled searcher's diligent search." *TrustID,* 2021 WL 3015280, at *1 (internal citation omitted).[2]  Both of these prongs involve issues of fact.  Regardless, Novoluto fails to satisfy these requirements, because although its declarants identify search strings and search sources that would have identified Yang, neither explain why their search "criterion would be part of a skilled searcher's diligent search." *TrustID,* 2021 WL 3015280, at *1.  For example, Messrs. Stoll and Nguyen do not explain why a skilled searcher would have chosen the search strings utilized by them, including the particular keywords and limitations on proximity of keywords stated in their search strings.  That deficiency alone is fatal to Novoluto's showing with respect to Yang.  And this deficiency is not a mere technicality, because, as explained below, Novoluto's search criteria are fraught with hindsight.

   1.   Mr. Stoll's Testimony

Mr. Stoll testifies that he came up with certain search criteria and used PatSnap to conduct his searches, which resulted in Mr. Stoll purportedly finding Yang within "10 hours of searching." D.I. 322, Exh. 8 at ¶¶160-168.  However, Mr. Stoll's testimony suffers from at least the following flaws, each of which independently demonstrates the insufficiency of his testimony:

(1) Mr. Stoll does not say whether he reviewed Yang before formulating his search criteria, but it is evident that Mr. Stoll's search criteria are based on impermissible hindsight gleaned from Yang, because the search string includes a term such as "reciprocat*" that are not present in the '851, '061, or '097 patents.  And stripping Mr. Stoll's search criterion of the term "reciprocat*" results in the search queries failing to turn up Yang.

(2) Mr. Stoll does not demonstrate that a skilled searcher would have located Yang using PatSnap *in 2019 when the IPRs were filed*.  The question under § 315(e)(2) is not what a skilled searcher can find today, but what the searcher could have found at the time the IPRs were filed.

---

[2]  EIS disagrees that this is correct standard for determining estoppel.  As this case demonstrates, a party asserting estoppel can easily engage in mischief by formulating search strings based on terms in the prior art reference at issue.  If a party commissioned one or more prior art searches prior to filing the IPRs, and those searches did not identify the prior art at issue for estoppel purposes, then the party could not have "reasonably raised" that reference under 315 U.S.C. § 315(e)(2).

3

The Honorable Gregory Williams                                                                                          March 20, 2023

*See* 35 U.S.C. § 315(e)(2). Yang is a Chinese publication that was not published in English. But Mr. Stoll submits no evidence that an English language version of Yang was available in PatSnap in 2019, such that his search criteria would have identified Yang. *See f'real Foods, LLC v. Hamilton Beach Brands, Inc.*, C.A. No. 16 -00041-CFC, 2019 WL 1558486, at *1 (D. Del. Apr. 10, 2019) (finding no estoppel for a Japanese language patent publication based on testimony that without an English translation of the specification, claims, and abstract, commercial databases cannot locate such publication using keyword searches). This is a dispositive failure.

(3) Mr. Stoll testifies that Yang purportedly turned up within "10 hours of searching." But a reasonable searcher would not know Yang before beginning the search; thus, the searcher would need to review the documents that each search string locates and compare those documents to the claims to determine a stopping point. *See Palomar Techs.*, 2020 WL 2115625, at *12 ("every reasonable search must have a stopping point"). It is unclear whether Mr. Stoll undertook such a process or, if he did, how he could review 4,714 "hits" or references (*see* Exh. 5 to Mr. Stoll's declaration) within 10 hours to locate a reference that would be relevant to the claims of the '097 and '061 patents. The same is true for all of Mr. Stoll's searches. Indeed, Mr. Stoll does not even provide the results of his searches, where Yang ranks in those results, or why the search would not have stopped before Yang was found. It is one thing for Yang to be part of a large list of search results; it is another for the searcher to identify Yang (the needle in the haystack) as relevant from the list.

        2.      <u>Mr. Nguyen's Testimony</u>

Mr. Nguyen's testimony is similarly deficient.

(1) Like Mr. Stoll, Mr. Nguyen does not say whether he reviewed Yang before formulating his search criteria, but it is evident that Mr. Nguyen's search criteria are based on impermissible hindsight gleaned from Yang, because he utilizes search terms (e.g., "reciprocat+") that are not present in the '851, '061, or '097 patents. Additionally, Mr. Nguyen's search criteria includes the term "force," which does not appear in the claims or abstracts of the '851, '061, or '097 patents. And that term is sparingly used in the patent specifications; for example, it is used eight (8) times in the '097 patent. When stripped of either the term "reciprocat+" or the term "force," Mr. Nguyen's searches do not result in Yang.

(2) Mr. Nguyen also does not demonstrate that a skilled searcher would have located Yang using the Questel Orbit database *in 2019 when the IPRs were filed*. Like Mr. Stoll, he submits no evidence that an English language version of Yang was available in Questel Orbit in 2019, such that his search criterion would have identified Yang. *See f'real Foods*, 2019 WL 1558486, at *1 (finding no estoppel for a Japanese language patent publication based on testimony that without an English translation of the specification, claims, and abstract, commercial databases cannot locate such publication using keyword searches).

(3) Mr. Nguyen testifies that Yang purportedly turned up within "9 hours of searching" for the '097 patent and only when he performed his 17th search. Exh. 4 to Stoll Declaration, ¶8; Attachment 2 to Exh. 4. But he, like Mr. Stoll, does not explain whether he reviewed any of the search results obtained prior to running his 17th search or the 98 references in his 17th search that precede Yang to determine if there were any references relevant to the claims of the '097, '851,

4

The Honorable Gregory Williams                                              March 20, 2023

and '061 patents, at which point a skilled searcher constructing a diligent search would have stopped searching. *See Palomar Techs.*, 2020 WL 2115625, at *12 ("every reasonable search must have a stopping point"). And if he performed such an analysis, it is unfathomable that he reviewed, for example, the over 20,000 search results returned in his 16th search in the "9 hours of searching." There is simply no evidence that Mr. Nguyen performed a diligent search.

(4) Mr. Nguyen's search strategy is also not one a skilled searcher would have executed at the time of the IPR filing, because he admits that he deviated from his standard practice of reviewing forward and backward citations. Exh. 4 to Stoll Declaration, ¶6. Reviewing forward and backward citations of key references uncovered during a search is a routine part of prior art searching. As such, there is no evidence that Mr. Nguyen would have located Yang without deviating from his standard practice. Instead, the evidence suggests that Mr. Nguyen was only able to locate Yang because he was aware of it before running his searches and constructed search queries based on Yang.

Defendants' motion to strike EIS's election of prior-art-based invalidity arguments should be denied.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bac
Attachment

cc:     All Counsel of Record (via electronic mail; w/attachment)