**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EIS, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> INTIHEALTH GER GMBH, § <br> WOW TECH USA, LTD., WOW TECH § <br> CANADA, LTD. and NOVOLUTO GMBH, § <br> § <br> Defendants. § § | Civil Action No.: 19-cv-1227-GBW <br><br> Demand For Jury Trial |
| NOVOLUTO GMBH, § <br> § <br> Counterclaimant, § <br> § <br> v. § <br> § <br> EIS, INC., EIS GMBH, § <br> TRIPLE A IMPORT GMBH, § <br> and TRIPLE A MARKETING GMBH, § <br> § <br> Counterclaim Defendants. | |

**REPLY LETTER TO THE HONORABLE GREGORY B. WILLIAMS
REGARDING DEFENDANT/COUNTERCLAIMANT NOVOLUTO GMBH'S
MOTION TO STRIKE PLAINTIFF'S AND COUNTERCLAIM-DEFENDANTS'
ELECTION OF PRIOR-ART-BASED INVALIDITY ARGUMENTS
<u>PURSUANT TO IPR ESTOPPEL, 35 U.S.C. § 315(e)(2)</u>**

Honorable Gregory B. Williams
March 21, 2023
Page 1

Dear Judge Williams:

Four days after Novoluto filed its motion to strike (D.I. 321, 322), the CAFC affirmed EIS's failure in all three IPRs in a Rule 36 Judgment (Exh. 10). A Rule 36 Judgment is used "where it's not necessary to explain, even to the loser, why he lost."[1] EIS nonetheless asserts that immediate application of the IPR estoppel provision, 35 U.S.C. § 315(e)(2), is premature. EIS is wrong.

EIS served its narrowed "Election of Prior-Art-Based Invalidity Arguments" (Exh. 1) on January 23, 2023, the Court-ordered deadline for such service. Notwithstanding its failed IPRs and this Court's law on AIA estoppel, EIS relied entirely on references that EIS "raised or reasonably could have raised during [those three failed] *inter partes* review[s]." 35 U.S.C. § 315(e)(2). On February 8, EIS then served its 435-page Expert Report of Dr. John Abraham and its 32-page Expert Report of Dr. Kristen Mark, both of whom relied exclusively on statutorily-estopped references to support EIS's invalidity assertions regarding the '097, '851, and '061 Patents. Novoluto has been forced to incur hundreds of thousands of dollars in legal and expert witness fees in order to prepare rebuttals to those Abraham and Mark Expert Reports, *which rebuttal reports are due tomorrow*.

Incredibly, just hours ago, and less than 24 hours after opposing Novoluto's motion to strike on the basis that the motion is "premature," EIS sent an email purporting to amend its January 23, 2023 Election of Prior-Art-Based Invalidity Arguments (Exh. 11). EIS has not sought relief from the Court's January 23, 2023 deadline for such service (D.I. 299), nor has EIS provided any explanation for its withdrawing thirteen plainly estopped "invalidity arguments" while refusing to withdraw all of the other equally estopped ones.

Over a year ago, Judge Stark denied Novoluto's motion to strike as premature when EIS's invalidity contentions were "preliminary." They are no longer "preliminary" – they were final on September 16, 2022 (D.I. 123), and narrowed on January 23, 2023 for the final time according to the schedule agreed upon by the parties and ordered by the Court (D.I. 299). The motion to strike is entirely timely now. EIS also asserts that the motion to strike is "in essence" a summary judgment motion. Not true. That its grant may yield the same result is of no moment and is a problem of EIS's own making by having relied only on statutorily estopped references. On this motion to strike, unlike when considering a "no invalidity" summary judgment motion, the Court need not consider the technical substance of any of the references.[2]

Granting Novoluto's motion to strike is not premature; it is long overdue in this case.

---

[1] The Seventh Annual Judicial Conference of the Court of Appeals for the Federal Circuit, 128 F.R.D. 409, 420 (May 24, 1989) (remarks of Hon. Howard T. Markey, C.J., Court of Appeals for the Federal Circuit).

[2] The only possible exception may be that the Court will be required to see that the Eros CTD was invented by Claire Hovland, the named inventor of the estopped Hovland patents, that the Eros CTD was discussed in the estopped Billups article (*see* Stoll Report (Exh. 8), ¶¶ 139-143), that the Eros CTD is the exact commercial embodiment of one of the estopped Hovland references that EIS raised in all three IPRs, and that the Eros CTD is marked with the estopped Hovland patent number. *See* Exh. A to Declaration Of Dr. Kimberly Cameron, Ph.D. (Exh. 9), ¶ 2.

Honorable Gregory B. Williams
March 21, 2023
Page 2

Next, despite purporting to rely on this Court's *TrustID* decision, EIS continues to ignore its holding: "As other courts in this district [of Delaware] have noted, ***estoppel under § 315(e) is 'broad*** and ... ***the prior art references*** or combinations a petitioner 'could have raised' ***includes any references that were known to the petitioner or that could reasonably have been discovered by 'a skilled researcher conducting a diligent search***.'" *TrustID, Inc. v. Next Caller Inc.*, No. 18-172 (MN), 2021 WL 3015280, at *1, (D. Del. July 6, 2021), citing *Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*, No. 13-CV-2072 (KAJ), 2017 WL 1045912, at *11 (D. Del. Feb. 22, 2017). EIS simply wants the "second bite at the apple" prohibited by the statute as held by this Court in *Parallel Networks*, 2017 WL 1045912, at *12.

EIS does not even attempt to justify its reliance on any of the Taylor, Guan, Lee or Hovland references it actually raised in its failed IPRs, nor on its own Witt reference that it chose not to raise in those proceedings. EIS's argument regarding the Eros CTD—including a detailed comparison of the device to the estopped references—was fully addressed in Novoluto's motion to strike and the supporting materials, as already noted.[3] EIS's bald and final assertion – that Yang was found only by "hindsight" searching – if accepted by the Court, would eliminate every Patent Owner's ability to demonstrate that an infringer's newly raised reference would have been found by a skilled searcher exercising reasonable diligence. That cannot be the law. The searches conducted by Mr. Stoll and commercial search firm Clarivate were performed using conventional keyword, CPC and IPC searching techniques on commercial patent databases, using reasonable keyword search strings. *See* Stoll Report (Exh. 8), ¶¶ 160-171. In both instances, searches conducted with reasonable diligence turned up the Yang reference. *Id.*, ¶ 161. The combination of the amount of time, effectiveness of the search resulting in locating Yang, and the databases searched, demonstrates a reasonable level of diligence in Clarivate's searching. *Id.*, ¶ 173. EIS does not present meaningful rebuttal to this evidence. EIS's only response, that earlier searches did not identify Yang, does not demonstrate "hindsight" by Novoluto's searches; it demonstrates that EIS's earlier searches were not diligent. *Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, No. 14-1480-RGA, 2022 WL 4548644, at *4 (D. Del. Sept. 29, 2022) (citations omitted).

The motion to strike should be granted.

Respectfully,

*/s/ Gregory E. Stuhlman*

Gregory E. Stuhlman (#4765)

Attachments
cc:   Clerk of Court (via hand delivery; w/attachments)
      All Counsel of Record (by CM/ECF and E-mail; w/attachments)

---

[3] Regarding the Eros CTD device, Novoluto urges the Court to follow Judge Stark's decision in *Wasica Finance GmbH v. Schrader Int'l, Inc.*, 432 F.Supp.3d 448, 453 (D. Del. 2020), and again hold that § 315(e)(2) estoppel precludes EIS from asserting "grounds" at trial that were or reasonably could have been raised in an unsuccessful IPR, not specific "evidence" asserted in the IPR—therefore, mere substitution of the Eros CTD product embodying the estopped Hovland patents and estopped Billups printed publication actually asserted by EIS in its failed IPRs does not constitute a new "ground" that escapes statutory IPR estoppel. *Wasica Finance*, 432 F.Supp.3d at 453-455.