IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1227 (GBW) |
| | ) |
| INTIHEALTH GER GMBH, | ) |
| WOW TECH USA, LTD., | ) |
| WOW TECH CANADA, LTD. and | ) |
| NOVOLUTO GMBH, | ) |
| | ) |
| Defendants. | ) |
| NOVOLUTO GMBH, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| EIS, INC., EIS GMBH, | ) |
| TRIPLE A IMPORT GMBH, | ) |
| and TRIPLE A MARKETING GMBH, | ) |
| | ) |
| Counterclaim Defendants. | ) |

**REPLY LETTER TO THE HONORABLE GREGORY B. WILLIAMS
IN SUPPORT OF COUNTERCLAIM-DEFENDANTS' MOTION TO STRIKE
UNTIMELY DISCOVERY AND EXPERT DISCLOSURES**

OF COUNSEL:

Naveen Modi
Allan M. Soobert
Phillip W. Citroen
Chetan Bansal
David Valente
James Razick
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC  20036
(202) 551-1700

May 19, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for EIS, Inc., EIS GmbH, Triple A Import GmbH, and Triple A Marketing GmbH*

Dear Judge Williams:

The burden to prove infringement was always Novoluto's, and its decision to submit conclusory *ipse dixit* infringement opinions in opening expert reports and wait until its reply expert reports to spring new infringement theories, new evidence, and detailed explanations of its positions that should have been timely disclosed prejudices EIS. *See ViaTech Techs. v. Microsoft Corp.*, C.A. No. 17-570-RGA, at *9 (D. Del. Feb. 19, 2021).

1. New "Chamber" Infringement Theory. Novoluto's contention that its new alternative infringement theory for "chamber" was "already disclosed in the final infringement contentions and opening reports" is mistaken. As Novoluto's infringement contentions (left) show, Novoluto

 

identified *one particular component* in the accused products as the alleged "chamber" for the '220 and '418 patents, with no alternative. *See, e.g.*, D.I. 355-1 Ex. A at 2-3, 10. Its new theory in reply, that the "chamber" can alternatively include *additional components*, is indisputably new. D.I. 403-1 Ex. A at ¶ 146 (citing Appendix F, Exs. 1-46, which "show the chamber"); Ex. A at 2-3 (exemplary claim chart from Cameron Appendix F); D.I. 355-1, Ex. C at ¶77, Ex. D at ¶111.

Nothing about Dr. Abraham's application of Court's construction of "chamber" justifies Novoluto's new theory. Novoluto's citations to Dr. Abraham do not even concern the "chamber" for the '220 or '418 patents. Dr. Abraham merely explained how *the particular component* that Drs. Cameron and Herbenick identified as the alleged "chamber" did not satisfy the other claim features. D.I. 300 at 35-36; Ex. B at ¶¶ 150-163, ¶ 163 ("[A]*pplying Dr. Herbenick and Dr. Cameron's position* . . ., no Accused Product includes a chamber (compartment) having [the other features required by claim 1]."). This is consistent with the Court's order. D.I. 300 at 36 ("[O]ther claim limitations . . . define the chamber's structure."). Novoluto made a strategic decision to map a "chamber" to a particular component, which it now regrets, but "a change in legal strategy does not constitute good cause to amend infringement or invalidity contentions," let alone to introduce a new infringement theory in a reply expert report. *British Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 6-7 (D. Del. Jun. 8, 2020) (collecting cases).

Nor is Novoluto's new theory "proper rebuttal evidence." D.I. 403 at 2. A proper rebuttal can never be a new infringement theory even when presented in response to a non-infringement argument. *HSM Portfolio LLC v. Elpida Memory Inc.*, No. CV 11-770-RGA, 2016 WL 552543, at *2 (D. Del. Feb. 11, 2016) (excluding new infringement theory in reply report). Novoluto's claim that it was unaware of EIS's non-infringement position until Dr. Abraham's rebuttal report is not credible. Before EIS's last motion to strike, Novoluto's counsel represented it had not understood EIS's *same* non-infringement position until the claim construction hearing. D.I. 316 at 3. As EIS explained in that motion, EIS previously briefed the *same* non-infringement position in a TRO motion (D.I. 140 at 7-9), and Novoluto argued about the *same* non-infringement position during claim construction (D.I. 238 at 50).

2. New Induced Infringement Theory. It is undisputed that Novoluto did not identify a single claim for which infringement was allegedly induced in its counterclaims, infringement contentions, interrogatory responses, or its opening expert reports, which do not reference or set

Honorable Gregory B. Williams
May 19, 2023
Page 2

forth a legal standard for induced infringement. Novoluto points to its vague references to, *inter alia*, "user manuals," *see, e.g.*, D.I. 355-1, Ex. A at 2, but similar references to user manuals were in Novoluto's contentions for most claims, and did not put EIS on notice of specific induced infringement allegations. Crucially, Novoluto made no attempt to distinguish Judge Stark's striking of induced infringement allegations that, like here, were pleaded but not clearly disclosed during discovery. *See Wi-Lan Inc. v. Sharp Corp.*, 15-379-LPS, D.I. 362 at 4:10-21, 27:23-28:9.

> 3. Improper "Nozzle Effect" Reply Opinions. Novoluto admits it knew of EIS's position that the accused products had no "nozzle effect," yet Novoluto's experts provided ***less than a sentence*** in each of their opening expert reports. That partial sentence was nothing more than the expert's *ipse dixit* that the accused products have the claimed nozzle effect, insufficient to satisfy Novoluto's burden to prove infringement, and improperly shifted the burden of proof to EIS. *See S3 Inc. v. nVIDIA Corp.*, 259 F.3d 1364, 1374 (Fed. Cir. 2001) ("An expert's opinion on the ultimate legal issue . . . must be supported by something more than a conclusory statement."); *Viatech* Techs, C.A. No. 17-570-RGA, at *9. The timing of Novoluto's disclosures prejudices EIS, because now EIS cannot respond to Novoluto's infringement position that should have been in its opening expert reports. Novoluto makes excuses related to EIS's interrogatory response on non-infringement, but that does not justify Novoluto's sandbagging. EIS's interrogatory response provided as much detail as Novoluto's infringement contentions.[1] Had Novoluto thought EIS's response insufficient, its remedy was to seek a more definite discovery response, not to ambush EIS with an explanation of its infringement theory in reply expert reports, depriving EIS the opportunity to respond.

Novoluto's arguments as to EIS seeking a second bite at claim construction are meritless because neither party construed "channel with a nozzle effect" and the Court, therefore, made no ruling as to that term's scope and meaning.

> 4. Improper "Sealing Bearing" Reply. Novoluto's response misses the mark. Dr. Abraham's rebuttal expert report explained how the ***structure*** of the accused component did not correspond to the claimed "sealing bearing part," but Dr. Cameron's testing in her reply report concerns the ***function*** of the accused component, which Dr. Abraham did not dispute. Novoluto's case law supports striking this opinion because it addresses the general subject matter, but does not "directly contradict or rebut the actual contents of [Dr. Abraham's] prior report." *Withrow v. Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013).

<u>Pennypack Factors.</u> Contrary to Novoluto's assertion, that EIS deposed its experts does not sway the first three factors. EIS is prejudiced by not having an opportunity to respond to Novoluto's experts, and depositions cannot—and did not—cure that prejudice. *See Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 502 (D. Del. 2019). For the third factor, responding to Novoluto's untimely opinions, theories, and evidence would require reopening of discovery and delay of trial. For the fourth factor, Novoluto's shifting excuses, particularly as to "chamber," demonstrate intent. And for the fifth, Novoluto would not be left "defenseless"; it would be left with its affirmative infringement theories and supporting expert testimony as set forth in its infringement contentions and opening expert reports.

---

[1] D.I. 65 at 5 ("The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.").

Honorable Gregory B. Williams
May 19, 2023
Page 3

                               Respectfully,

                               */s/ Jack B. Blumenfeld*

                               Jack B. Blumenfeld (#1014)

JBB/bac
Attachments

cc:     Clerk of Court (via hand delivery; w/attachments)
        All Counsel of Record (via electronic mail; w/attachments)