IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTIHEALTH GER GMBH, WOW TECH USA, LTD., WOW TECH CANADA, LTD., and NOVOLUTO GMBH, <br><br> Defendants. | C.A. No. 19-1227-GBW |
| NOVOLUTO GMBH, <br><br> Counterclaimant, <br><br> v. <br><br> EIS, INC., EIS GMBH, TRIPLE A IMPORT GMBH, and TRIPLE A MARKETING GMBH, <br><br> Counterclaim Defendants. | |

## MEMORANDUM ORDER

Having reviewed Defendant/Counterclaimant Novoluto GmbH's ("Novoluto") Motion to Strike Plaintiff EIS Inc.'s ("EIS") Election of Prior-Art Based Invalidity Arguments Pursuant to IPR Estoppel 35 U.S.C. § 315(e)(2) (D.I. 321, the "Motion") and the related briefing (D.I. 322; D.I. 325; D.I. 326), **IT IS HEREBY ORDERED** that Novoluto's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth below.

In light of EIS "not oppos[ing] Novoluto's motion with respect to grounds for the '851, '061, and '097 patents that do not include at least one of the Eros Product or Yang," *see* D.I. 325

1

at 1 n.1, the Court will grant-in-part Novoluto's Motion. Accordingly, EIS is estopped, pursuant to 35 U.S.C. § 315(e)(2), from asserting the following prior art/prior art combinations:

1. Chinese Utility Model Patent No. 2,153,351 ("Guan") & U.S. Patent No. 6,964,643 ("Hovland") as to claims 1, 2, 4, 5, and 6 of U.S. Patent No. 9,763,851 ("the '851 patent);
2. Guan & U.S. Patent No. 5,725,473 ("Taylor") as to claims 1, 8, and 21 of U.S. Patent No. 9,849,061 ("the '061 patent");
3. Taylor as to claims 1 and 21 of the '061 patent;
4. Taylor & Hovland as to claim 8 of the '061 patent;
5. U.S. Patent Appl. No. 2017/0281457 ("Witt") & Taylor as to claims 1, 10, and 12 of U.S. Patent No. 9,937,097 ("the '097 patent"); and
6. Guan, U.S. Patent No. 7,828,717 ("Lee") & Hovland as to claims 1, 10, and 12 of the '097 patent.

However, the Court will deny-in-part Novoluto's Motion without prejudice as it relates to EIS's Election of Prior-Art Based Invalidity Arguments for the '851 patent, the '061 patent, and the '097 patent that include at least the Eros Clitoral Therapy Device, SKU: 364215376135191 ("Eros Product") or Chinese Utility Model No. 201139737 ("Yang"). *See* D.I. 325 at 1 n.1; *see also id.* at 1 ("Novoluto's motion is, in essence, a summary judgment motion."). The scope of IPR estoppel is a fact-intensive inquiry and the Court reserves ruling on this issue until the record is more fully developed, *i.e.*, during the case dispositive motion stage or through a motion *in limine*. *See, e.g., Chervon (HK) Limited et al v. One World Technologies, Inc. et al.*, C.A. No. 19-1293-GBW, D.I. 328 (D. Del. Feb. 23, 2023); *Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, C.A.

No. 14-1480-RGA, 2022 WL 4548644, at *1 (D. Del. Sept. 29, 2022); *TrustID, Inc. v. Next Caller Inc.*, C.A. No. 18-172-MN, 2021 WL 3015280, at *1 (D. Del. July 6, 2021).[1]

* * *

WHEREFORE, at Wilmington this 13th day of June, 2023, **IT IS HEREBY ORDERED** that Novoluto's Motion to Strike (D.I. 321) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The following prior art combinations are **STRICKEN**:

1. Guan & Hovland (U.S. Patent No. 9,763,851, claims 1, 2, 4, 5, and 6);
2. Guan & Taylor (U.S. Patent No. 9,849,061, claims 1, 8, and 21);
3. Taylor (U.S. Patent No. 9,849,061, claims 1 and 21);
4. Taylor & Hovland (U.S. Patent No. 9,849,061, claim 8);
5. Witt & Taylor (U.S. Patent No. 9,937,097, claims 1, 10, and 12); and
6. Guan, Lee & Hovland (U.S. Patent No. 9,937,097, claims 1, 10, and 12).

**IT IS ALSO HEREBY ORDERED** that Novoluto's Motion for Leave to File a Response to Plaintiff's Improper "Notice of Subsequent Authority in Support of Its Opposition to Defendants' Motion to Strike EIS's Election of Prior-Art Based Invalidity Arguments" (D.I. 353) is **DENIED** as moot.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] EIS's Notice of Subsequent Authority in Support of Plaintiff's Opposition to Defendants' Motion to Strike (D.I. 352) fails to comply with District of Delaware Local Rule 7.1.2(b) and, thus, is not considered for purposes of this Memorandum Order. *See* Del. L.R. 7.1.2(b) ("Except for the citation of subsequent authorities, no additional papers shall be filed absent Court approval."). Accordingly, Novoluto's Motion for Leave to File a Response to Plaintiff's Improper "Notice of Subsequent Authority in Support of Its Opposition to Defendants' Motion to Strike EIS's Election of Prior-Art Based Invalidity Arguments" (D.I. 353) is **DENIED** as moot.