# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

EIS, INC.,

        Plaintiff,

    v.

INTIHEALTH GER GMBH, WOW TECH
USA, LTD., WOW TECH CANADA, LTD.,
and NOVOLUTO GMBH,

        Defendants.

---

NOVOLUTO GMBH,

        Counterclaimant,

    v.

EIS, INC., EIS GMBH, TRIPLE A
IMPORT GMBH, and TRIPLE A
MARKETING GMBH,

        Counterclaim Defendants.

C.A. No. 19-1227-GBW

**UNSEALED ON 9/28/23**

## <u>MEMORANDUM ORDER</u>

Plaintiff EIS, Inc. ("EIS") filed this action against Defendants IntiHealth Ger GmbH,

WOW Tech USA Ltd., WOW Tech Canada Ltd., and Novoluto GmbH ("Novoluto") seeking,

amongst other claims, declarations of non-infringement of United States Patent Nos. 9,763,851

("the '851 patent"), 11,090,220 ("the '220 patent"), 11,103,418 ("the '418 patent"), 9,849,061

("the '061 patent"), and 9,937,097 ("the '097 patent") (collectively, the "Asserted Patents"), which

are assigned to Defendant Novoluto.  D.I. 111.  In response, Novoluto asserts counterclaims of

infringement of the Asserted Patents against EIS, EIS GmbH, Triple A Import GmbH, and Triple A Marketing GmbH.[1]  D.I. 118.

Pending before the Court is Novoluto's Motion for Summary Judgment of IPR Estoppel. *See* D.I. 581.  The Court has considered the parties' briefs, accompanying exhibits, and concise statement of facts and responses thereto. *See, e.g.*, D.I. 581–D.I. 583; D.I. 591–D.I. 594; D.I. 597– D.I. 598.  For the reasons explained below, the Court denies Novoluto's Motion for Summary Judgment of IPR Estoppel.

## I.    NATURE AND STAGE OF PROCEEDINGS

In 2019, EIS filed three *inter-partes* review ("IPR") proceedings against each of the '851, '061, and '097 patents (together, the "IPR Patents").  D.I. 583 ¶ 1.  In the IPR proceeding challenging the validity of all the '097 patent claims, EIS identified as prior art references United States Patent Nos. 5,725,473 ("Taylor"), 6,964,643 ("Hovland"), 7,828,717 ("Lee"), Chinese Utility Model Patent No. 2153351 Y ("Guan"), and the printed publication of Kevin L. Billups titled "The Role of Mechanical Devices in Treating Female Sexual Dysfunction and Enhancing the Female Sexual Response" ("Billups").  *Id.*, ¶ 2.  In the IPR proceeding challenging the validity of six claims of the '851 patent, EIS identified *Guan*, *Hovland*, *Billups*, and United States Patent Nos. 5,813,973 ("Gloth") and 8,579,837 ("Makower") as prior art references.  *Id.*, ¶ 3.  In the IPR proceeding challenging the validity of all the '061 patent claims, EIS identified *Taylor*, *Hovland*, *Billups*, and United States Patent Publication No. 2013/0261385 A1 ("Zipper") as prior art references.  *Id.*, ¶ 4.

---

[1] For the purpose of clarity throughout this Memorandum Order, the Court refers to Plaintiff/Counterclaim Defendants as "EIS," and Defendants/Counterclaimant as "Novoluto."

At the conclusion of the IPR proceedings, the Patent Trial and Appeal Board ("PTAB") issued final written decisions under 35 U.S.C. § 318(a) confirming patentability of all challenged claims. *Id.*, ¶ 5. All three of the PTAB's final written decisions were affirmed on appeal by the Federal Circuit. *Id.*, ¶ 6. On January 23, 2023, EIS served its narrowed "Election of Prior-Art-Based Invalidity Arguments," identifying the following seven references as being asserted against the IPR Patents: *Taylor*; *Guan*; *Lee*; *Hovland*; Eros Clitoral Therapy Device, SKU:364215376135191 ("Eros"); United States Patent Publication No. 2017/0281457 A1 ("Witt"); and Chinese Utility Model Patent No. 201139737Y ("Yang"). *Id.*, ¶ 7. On March 9, 2023, Novoluto moved to strike EIS's "Election of Prior-Art-Based Invalidity Arguments" pursuant to the IPR estoppel provision codified as 35 U.S.C. § 315(e)(2). *See* D.I. 321. While the Court granted-in-part Novoluto's motion to strike with respect to the invalidity grounds EIS did not oppose, *see* D.I. 325 at 1 n.1, the Court denied-in-part Novoluto's motion "without prejudice" as it related to Eros or the Yang reference.[2] D.I. 321 at 1-3.

On June 22, 2023, Novoluto moved to strike certain opinions and testimony offered by EIS's expert, Dr. John Abraham, related to Eros and the Yang reference, arguing that EIS is estopped from asserting either Eros or Yang pursuant to 35 U.S.C. § 315(e)(2). *See* D.I. 554. The Court ultimately denied Novoluto's motion to strike without prejudice, stating that "the Court is not convinced that a motion to strike is the proper procedural vehicle to adjudicate issues related to IPR estoppel under 35 U.S.C. § 315(e)(2)." *See* D.I. 575. However, the Court then ordered Novoluto to refile its motion to strike as a separate motion for summary judgment and,

---

[2] Novoluto is correct that the Court's June 22, 2023 Oral Order (D.I. 575) did not disturb the Court's prior ruling on IPR estoppel (D.I. 518). *See* D.I. 581 at 1 n.1.

concurrently, set a briefing schedule.[3]  *Id.*  Briefing on the issue of IPR estoppel was completed on August 11, 2023.[4]

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Material facts are those "that could affect the outcome" of the proceeding.  *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "[A] dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party."  *Id.* (citations omitted).  "The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case." *Peloton Interactive, Inc. v. iFIT Inc.*, C.A. No. 20-1535-RGA, 2022 WL 1523112, at *1 (D. Del. May 13, 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989).  A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other

---

[3] Pursuant to D.I. 575, Novoluto's Motion for Summary Judgment of IPR Estoppel is not considered a "ranked" summary judgment motion.

[4] On August 30, 2023, the Court granted EIS's Motion for Leave to File the Declaration of Lydia Bakalova to Conform Previously Submitted Evidence to Rule 56(c)(4) of the Federal Rules of Civil Procedure (D.I. 608). *See* D.I. 623.  Accordingly, the Court considered Ms. Bakalova's sworn expert report while evaluating the present motion.

4

materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." FED. R. CIV. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322. The Federal Circuit "reviews a district court's grant of summary judgment under the law of the regional circuit, here the Third Circuit." *Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1075 (Fed. Cir. 2021) (citation omitted).

## III.   DISCUSSION

### A.   The *Yang* Reference

Novoluto seeks summary judgment that EIS is estopped, pursuant to 35 U.S.C. § 315(e)(2), from asserting Chinese Utility Model Patent No. 201139737 ("Yang") as a ground for invalidity of the IPR Patents because *Yang* "reasonably could have been raised" during various IPR proceedings challenging the IPR Patents. D.I. 581 at 5-8. Specifically, Novoluto contends that, because *Yang* could reasonably have been discovered by a skilled researcher conducting a diligent search of prior art, *Yang* constitutes a prior art reference that "reasonably could have been raised," but was not, during IPR proceedings challenging the IPR Patents. Id. EIS disagrees, arguing that there is "extensive evidence, including the testimony from EIS's expert, Ms. Lydia Bakalova, demonstrating that a skilled searcher conducting a diligent search would not have reasonably been expected to discover Yang." D.I. 591 at 1. At a minimum, EIS asserts that genuine issues of material fact exist related to what a skilled searcher conducting a diligent search would have reasonably uncovered. *Id.* Because Novoluto has failed to carry its burden of proving that *Yang*

could reasonably have been discovered by a skilled researcher conducting a diligent search of prior

art, the Court will deny Novoluto's Motion for Summary Judgment of IPR Estoppel with respect

to the *Yang* reference.

Section 315(e) governs IPR estoppel, which prevents IPR petitioners from raising

arguments in federal court that reasonably could have been raised during the IPR proceeding. The

statute provides, in pertinent part:

> (e) Estoppel.
>
>                                    . . .
>
> (2) Civil actions and other proceedings. The petitioner in an inter partes review
> of a claim in a patent . . . that results in a final written decision . . . may not assert
> . . . in a civil action . . . that the claim is invalid on any ground that the petitioner
> raised or reasonably could have raised during that inter partes review.

*See* 35 U.S.C. § 315(e)(2).

The Federal Circuit has explained that "[t]o give effect to the language 'reasonably could

have raised'" as used in the IPR estoppel provision, "estoppel applies not just to claims and

grounds asserted in the petition and instituted for consideration by the Board, but to all grounds

not stated in the petition but which reasonably could have been asserted against the claims included

in the petition.'" *Click-To-Call Techs. LP v. Ingenio, Inc.*, 45 F.4th 1363, 1370 (Fed. Cir. 2022)

(quoting *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022)). Ultimately, it

is "the petition, not the institution decision [that] defines the scope of the IPR" litigation. *Id.* at

1369. The Federal Circuit has recently adopted the "skilled searcher" standard to aid courts

confronting the issue of whether a particular invalidity ground "reasonably could have [been]

raised" during an IPR proceeding. *See Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274,

1298 (Fed. Cir. 2023) (explaining that "the 'skilled searcher' standard is consistent with the

statutory requirement that a petitioner be estopped from asserting 'any ground that the petitioner .

. . reasonably could have raised during . . . inter partes review.'"). Accordingly, "provided the other conditions of the statute are satisfied, § 315(e)(2) estops a petitioner as to invalidity grounds a skilled searcher conducting a diligent search reasonably could have been expected to discover, as these are grounds that the petitioner 'reasonably could have raised' in its petition." *Id.* "The burden of proving, by a preponderance of the evidence, that a skilled searcher exercising reasonable diligence would have identified an invalidity ground rests on the patent holder, as the party asserting and seeking to benefit from the affirmative defense of IPR estoppel." *Id.* at 1299.

Although the Federal Circuit has not expanded on the facts or circumstances that constitute "a skilled searcher conducting a diligent search," it has explained that "[t]he inquiry into what a skilled and diligent searcher would reasonably have discovered is ultimately concerned with what the searcher of ordinary skill *would* find through reasonable diligence and not what an actual researcher in fact *did* find through whatever level of diligence she exercised." *Id.* (italics in original). Other district courts, including in this District, have concluded that a skilled searcher would have been able to find a particular reference where: "(1) the patentee identified a search string that, if used to search the same subclass as the patent-in-suit, would have identified the reference, and (2) the string included terms that appeared in the patent-in-suit numerous times." *See Innovative Memory Sys., Inc. v. Micron Tech., Inc.*, C.A. No. 14-1480-RGA-JLH, 2022 WL 4548644, at *3-5 (D. Del. Sept. 29, 2022) (citations omitted); *see also TrustID, Inc. v. Next Caller Inc.*, C.A. No. 18-172-MN, 2021 WL 3015280, at *1 (D. Del. July 6, 2021) (holding that a patentee asserting estoppel could demonstrate what a reasonably diligent search would have found by "(1) identify[ing] the search string and search source that would identify the allegedly unavailable prior art and (2) present[ing] evidence, likely expert testimony, why such a criterion would be part of a

skilled searcher's diligent search") (quoting *Clearlamp, LLC v. LKQ Corp.*, C.A. No. 12-2533, 2016 WL 4734389, at *9 (N.D. Ill. Mar. 18, 2016))).[5]

At the outset, the Court rejects EIS's notion that summary judgment of IPR estoppel is inappropriate because there are disputed material facts such that "a reasonable factfinder is entitled to reject Novoluto's evidence and find that Yang would not have been reasonably discovered by a diligent searcher." D.I. 591 at 3. Even if EIS did raise genuine disputes of material fact, "courts in this district treat the application of IPR estoppel as a matter for the court." *See Innovative Memory*, 2022 WL 4548644, at *5 (citing *TrustID*, 2021 WL 3015280, at *1; *f'real Foods, LLC v. Hamilton Beach Brands, Inc.*, C.A. No. 16-41-CFC, 2019 WL 1558486, at *1 (D. Del. Apr. 10, 2019)); *but see Palomar Techs., Inc. v. MRSI Sys., LLC*, 373 F. Supp. 3d 322, 332 (D. Mass. 2019) (denying summary judgment, stating that "[i]t appears that the issue of whether a skilled, diligent search reasonably should have uncovered a reference is a question of fact"). This is because "[s]ending that question to the jury would be contrary to one of the purposes of IPR estoppel, which is to streamline litigation, not to further complicate already complicated trials by sending questions about the reasonableness of prior art searches to the jury." *See Innovative Memory*, 2022 WL 4548644, at *5. Accordingly, and consistent with this District's practice, the Court can resolve the issue of IPR estoppel at the summary judgment stage.

---

[5] Novoluto cites *Innovative Memory*, 2022 WL 4548644, at *4, for the proposition that "EIS's failure to find Yang shows only that EIS's search was not diligent, not that Yang could not have been reasonably asserted." D.I. 581 at 5. Apart from the fact that *Innovative Memory* does not affirmatively stand for this proposition, the Court is concerned that this statement impermissibly shifts the burden to EIS to initially prove that its searches were reasonably diligent under the circumstances. As previously discussed, the Federal Circuit's recent decision in *Ironburg* held that the patentee bears the burden of proving that IPR estoppel applies. *See Ironburg*, F.4th at 1299.

Turning to the crux of the IPR estoppel issue, Novoluto contends that *Yang* would have

been discovered by a skilled searcher conducting a diligent search because two prior art searches

it commissioned—one by its expert, Robert L. Stoll,[6] and the other by search firm Clarivate—

"using well-known searching techniques on commercial patent databases and based on searching

parameters available in 2019," turned up Yang in less than eleven hours and with a budget of

$1,500, respectively.  D.I. 581 at 5 (citing D.I. 583 ¶¶ 42-45).  In contrast, EIS submits evidence

of two prior art searches conducted by skilled search firms—one search prior to filing the IPR

proceedings and another search before it served its the invalidity contentions—that did not turn up

Yang.  D.I. 591 at 7.  Having reviewed the parties' respective declarations, reports, and search

queries—when provided—the Court concludes that Novoluto has failed to meet its burden of

proving that the *Yang* reference could reasonably have been discovered by a "skilled searcher

conducting a diligent search."  *See Ironburg*, 64 F.4th at 1299.  Although Novoluto's expert, Mr.

Stoll, purportedly found *Yang* within "10 hours of searching," *see* D.I. 582, Ex. 9 ¶¶ 160-168, Mr.

Stoll admits to reviewing *Yang* prior to formulating his search criteria.  *See* D.I. 593, Ex. C at Tr.

158:15-159:5; D.I. 594 ¶¶ 52-55.  As such, it is reasonable to infer that Mr. Stoll's search criteria

was plagued by hindsight bias.  *Cf. Palomar Techs., Inc. v. MRSI Sys., LLC*, C.A. No. 18-10236,

2020 WL 2115625, at *12-13 (D. Mass. May 4, 2020) (finding keyword string "developed with

the benefit of hindsight" when it includes "terms that do not appear in the specification, or barely

at all").  Indeed, Mr. Stoll's search criteria—while utilizing the main classification codes listed on

the face of each of the IPR Patents, *see* D.I. 583 ¶ 36, as well as combination of keywords found

in the IPR Patents, *see id.*, ¶¶ 37-41; *see Innovative Memory*, 2022 WL 4548644, at *3-5—includes

---

[6] The Court denied EIS's *Daubert* motion challenging the qualifications of Mr. Stoll and whether
he could opine on what a reasonably diligent searcher would have uncovered. *See* D.I. 625 at 7-
11.

the keyword "reciprocat\*"[7] that is notably absent from the IPR Patents, but appears in *Yang*'s abstract. *See* D.I. 592, Ex. A ¶¶52-62; *id.*, Ex. A, Attachment 2 at 1-2; *see also Palomar*, 2020 WL 2115625, at \*14 ("[T]he fewer the common terms between the patent and the reference, the more numerous the search possibilities become, and the less likely it is that the reference will be found.").

Although Novoluto attempts to salvage its position by explaining that "Mr. Stoll included the term "reciproca\*" in his search strings because the term "reciproca\*" is replete in the prior art cited in the relevant prosecution histories and the IPR references that EIS relied on," *see* D.I. 581 at 7, when the term "reciprocat\*" is excluded from Mr. Stoll's search terms, his search queries fail to locate *Yang*. *See* D.I. 592, Ex. A ¶5 7; D.I. 594 ¶ 56. Furthermore, Mr. Stoll fails to explain why the term "reciprocat\*" was used as opposed to other technically-synonymous words, *see Palomar*, 2020 WL 2115625, at \*14 ("Such a search would necessarily consider reasonable synonyms and alternatives when constructing a keyword search.")—such as "oscillate," which EIS contends that, if substituted for "reciprocat\*," not turn up Yang. *See* D.I. 591 at 5 n.1 (citing D.I. 582, Ex. 32 at Tr. 186:19-206:21). Also notably absent from Mr. Stoll's reports are the results of his searches, where *Yang* ranked among his search results, or an explanation as to why his search would not have ceased prior to locating *Yang*. *Id.* at 6-7. In fact, there is no evidence suggesting that Mr. Stoll reviewed any of the nearly 5,000 references resulting from his search queries. D.I. 593, Ex. C at Tr. 233:3-235:14; *see Palomar*, 2020 WL 2115625, at \*14 ("[I]t is not enough simply to locate a reference; that reference must be read, and interpreted, and understood in the context of the patent."). The Clarivate search commissioned by Novoluto suffers from the same

---

[7] There is not dispute that "\*" is a wildcard operator that represents a string of characters of any length.

issues—and as such, suffers that same fate—as with Mr. Stoll's search. *See* D.I. 593, Ex. B at 16 (Clarivate acknowledge it had access to *Yang* prior to formulating its searches); D.I. 592, Ex. A ¶¶ 73-79 (Clarivate's search queries included "reciprocat+," which, as explained above, is present in Yang's abstract but not the IPR Patents); *id.*, Ex. A ¶ 77 (Clarivate fails to explain why "force" is technically-synonymous with the terms "pressure" or "vacuum" as used in the IPR Patents).

Accordingly, because Novoluto has failed to carry its "burden of proving, by a preponderance of the evidence, that a skilled searcher exercising reasonable diligence would have identified" Yang, see *Ironburg*, 64 F.4th at 1299, the Court cannot conclude, as a matter of law, that Yang reasonably could have raised during the IPR proceedings challenging the IPR Patents. Thus, EIS is not estopped from raising *Yang*, alone or in combination, as an invalidity ground to the IPR Patents.

### B.    The Eros Product

Novoluto also seeks summary judgment that EIS is estopped, pursuant to 35 U.S.C. § 315(e)(2), from asserting the Eros Clitoral Therapy Device, SKU: 364215376135191 product ("Eros") because Eros "is a mere substitution" for United States Patent No. 6,964,643 ("Hovland"), which was undisputedly asserted during the IPR proceedings challenging the IPR Patents. D.I. 581 at 8. Specifically, Novoluto contends that Eros is merely a physical product embodying Hovland and, as such, does not constitute a new "ground" that escapes statutory IPR estoppel. *Id.* at 8-10. EIS disagrees, arguing that "no ground that is based on the Eros [p]roduct is subject to estoppel, because Eros is a product or physical prior art." D.I. 591 at 9. The Court agrees with EIS and, therefore, will deny Novoluto's Motion for Summary Judgment of IPR Estoppel with respect to Eros.

In the absence of binding precedent on the issue, the Court begins by first looking to the statutory language. *See Thryv, Inc v. Click-To-Call Techs., LP*, 140 S. Ct. 1367, 1372-73 (2020).

11

"As a matter of statutory interpretation, estoppel does not apply to the prior-art products that it relies on—regardless of whether those products are 'cumulative.'" *See Chemours Co. FC, LLC v. Daikin Indus., Ltd.*, C.A. No. 17-1612-MN, 2022 WL 2643517, at *1 (D. Del. July 8, 2022) (interpreting 35 U.S.C. § 315(e)). As previously discussed, Section 315(e)(2) states that an IPR petitioner "may not assert" in a later district court action "that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." *See* 35 U.S.C. § 315(e)(2). "Although the Patent Act does not expressly define the term 'ground,' . . . courts have interpreted this term in the IPR estoppel context to mean the 'specific pieces of prior art' that are 'the basis or bases on which a petitioner challenges a claim.'" *Medline Indus., Inc. v. C.R. Bard, Inc.*, C.A. No. 17-7216, 2020 WL 5512132, at *3 (N.D. Ill. Sept. 14, 2020) (citations omitted). Accordingly, "§ 315(e)(2) does not estop an IPR petitioner's use in litigation of an invalidity theory that relies upon a product as a prior art reference because a prior art product cannot be used as a reference to challenge the validity of a patent claim in an IPR. Therefore, any invalidity theory relying upon that product as a prior art reference is not a 'ground' that reasonably could have been raised during the IPR." *Id.* (citing 35 U.S.C. § 315(e)(2)).

While the Court acknowledges that district courts addressing this very issue have come to different conclusions, *see, e.g.*, *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 454 n.6 (D. Del. 2020), *appeal dismissed*, C.A. No. 2020-2124, 2020 WL 8374870 (Fed. Cir. Sept. 24, 2020) (noting the "division amongst District Courts that have considered this (or a closely-related) question"); *Medline*, 2020 WL 5512132, at *3 (citing *Wasica*, 432 F. Supp. 3d at 454), the Court also notes that the most recent decision from District held that, based on the statutory language, IPR estoppel does not apply to products covered by the actual prior art reference underlying the IPR where the actual prior art reference discloses the same claim limitations as the

product. *See Chemours*, 2022 WL 2643517, at \*1-2. Accordingly, consistent with the *Chemours* decision, and "[i]n the absence of guidance from the Supreme Court or the Federal Circuit," the Court holds that, as a matter of statutory interpretation, IPR estoppel does not apply to the Eros product that EIS relies on as an invalidity ground to IPR Patents. *Id.* at \*2 ("The statute at issue was the product of considered debate and careful thought. Congress could have broadened the categories of prior art on which IPR could be requested. Congress could have dictated that estoppel applies to products covered by the paper art underlying the IPR where the paper art discloses the same claim limitations as the product. But Congress did not do so. Adhering to well-accepted canons of construction, it is not for this Court to ignore Congress's omission and create additional bases for estoppel.").

Because IPR estoppel does not apply to Eros, the Court denies Novoluto's Motion for Summary Judgment of IPR Estoppel with respect to Eros.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Novoluto's Motion for Summary Judgment of IPR Estoppel. *See* D.I. 581.

\* \* \*

WHEREFORE, at Wilmington this 30th day of August, 2023, **IT IS HEREBY ORDERED** that Novoluto's Motion for Summary Judgment of IPR Estoppel (D.I. 581) is **DENIED**.

Because the Memorandum Order is filed under seal, the parties shall meet and confer and submit a joint proposed redacted version no later than seven (7) days after the date of this Memorandum Order. In the absence of a timely request compliant with applicable standards, the Court will unseal the entire Order.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE