**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EIS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 19-1227-GBW |
| INTIHEALTH GER GMBH, WOW TECH USA, LTD., WOW TECH CANADA, LTD. AND NOVOLUTO GMBH, | |
| Defendants. | |
| NOVOLUTO GMBH, | |
| Counterclaimant, | |
| v. | |
| EIS, INC., EIS GMBH, TRIPLE A IMPORT GMBH, and TRIPLE A MARKETING GMBH | |
| Counterclaim Defendants. | |

**<u>PRELIMINARY JURY INSTRUCTIONS</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION AND ROLE OF THE JURY .................................................................. 1

II.     OVERVIEW OF THE CASE ........................................................................................... 2

III.    UNITED STATES PATENTS ......................................................................................... 3

IV.     EVIDENCE ..................................................................................................................... 4

V.      BURDENS OF PROOF ................................................................................................... 6

VI.     WITNESSES ................................................................................................................... 7

VII.    EXPERT TESTIMONY .................................................................................................. 8

VIII.   DEPOSITION TESTIMONY .......................................................................................... 9

IX.     ADMITTED FACTS ..................................................................................................... 10

X.      DEMONSTRATIVES.................................................................................................... 11

XI.     NOTE-TAKING............................................................................................................. 12

XII.    DUTY OF THE JURY ................................................................................................... 14

XIII.   CONDUCT OF THE JURY ........................................................................................... 15

XIV.    BENCH CONFERENCES AND RECESSES ................................................................ 17

XV.     COURSE OF THE TRIAL ............................................................................................ 18

XVI.    TRIAL SCHEDULE ...................................................................................................... 19

## I.      INTRODUCTION AND ROLE OF THE JURY

Members of the Jury: Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence you will hear. Also, because this case involves patents, I will give you some preliminary instructions regarding patents. I will give you more detailed instructions on the law at the end of the trial.

You will hear evidence, decide what the facts are, and then apply those facts to the law that I will give to you. You and only you will be the judges of the facts. I play no part in judging the facts. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not. It is important that you perform your duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

## II.    OVERVIEW OF THE CASE

As you heard during voir dire, the plaintiff in this case is EIS, Inc., which I will refer to as "Plaintiff" or "EIS." Defendants are IntiHealth Ger GmbH, WOW Tech USA, Ltd., WOW Tech Canada, Ltd. and Novoluto GmbH, and I will refer to these parties individually or collectively as "WOW Tech." Novoluto GmbH is also a Counterclaim Plaintiff, and EIS GmbH, Triple A Import GmbH, and Triple A Marketing GmbH are Counterclaim Defendants, who I will collectively refer to as the "EIS/Triple A Defendants."

WOW Tech owns the following patents: U.S. Patent Nos. 9,763,851, 9,849,061, 9,937,097, 11,090,220, and 11,103,418. You will hear the patents referred to by their last three digits (*e.g.*, the '851, '061, '097, '220, and '418 Patents) as a shorthand. Sometimes you will hear the patents collectively referred to as the "Asserted Patents" or the "patents-in-suit."

In this case, Plaintiff EIS, Inc. contends that WOW Tech has engaged in certain activities related to these five patents that EIS, Inc. contends violate certain laws of unfair competition, deceptive trade practices, tortious interference with business relations, and antitrust. WOW Tech contends that the EIS/Triple A Defendants have infringed each of the five Asserted Patents. Both sides deny each other's contentions.

## III.    UNITED STATES PATENTS

As I just mentioned, this case involves patents, which is an area unfamiliar to many people. To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

*[The video will be played.]*

## IV.    EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received as exhibits; any facts that have been stipulated, that is, formally agreed to by the parties; and any facts I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1.    Statements, arguments, questions, and comments by lawyers are not evidence.

2.    Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.    Objections are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not proper under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection to a question or an exhibit, you must ignore the question or the exhibit.  If I overrule an objection and admit the evidence, treat the testimony or document as you would any other evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial, I will try to clarify this for you at that time.

4.    Testimony and exhibits that I exclude or strike from the record or tell you to disregard are not evidence and must not be considered.

5.    Anything you see or hear about this case outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

4

Finally, some of you may have heard the phrases or terms "direct evidence" and "circumstantial evidence." Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. For example, the fact that it snowed overnight could be proven directly ("I saw it snow last night") or circumstantially ("When I went to sleep the grass was green, but when I woke up there was a foot of snow on the ground"). Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## V.    BURDENS OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a case such as this, there are two different burdens of proof that are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence." Your verdict depends on whether you find certain facts have been proved either by a preponderance of the evidence or by clear and convincing evidence.

EIS, Inc. and WOW Tech each have the burden of proving their case and the amount of any monetary damages by a preponderance of the evidence. EIS has the burden of proving its unfair competition, deceptive trade practices, tortious interference with business relations, and attempted monopolization claims by a preponderance of the evidence. Similarly, Wow Tech has the burden of proving its patent infringement claims by a preponderance of the evidence. This means that EIS, Inc. and WOW Tech have to prove to you, in light of all the evidence, that what they claim is more likely true than not true.

In addition, the EIS/Triple A Defendants are challenging the validity and the enforceability of the patents-in-suit and have the burden of proving by clear and convincing evidence that the patents-in-suit are invalid or unenforceable. EIS, Inc. must also prove by clear and convincing evidence that WOW Tech fraudulently obtained one or more asserted patents in order to prove its attempted monopolization claim. Clear and convincing evidence means that it is highly probable that the fact is true. Proof by clear and convincing evidence is a higher burden of proof than a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. You should therefore not consider that burden of proof in this case.

## VI. WITNESSES

You are the sole judges of each witness's credibility. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were and how much weight you think their testimony deserves.

This instruction applies to all witnesses, including expert witnesses.

## VII.     EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

You are free to accept or reject the testimony of experts, just as with any other witness.

8

## VIII.  DEPOSITION TESTIMONY

I will now talk about the form of some of the evidence you will hear during trial.  You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## IX.   ADMITTED FACTS

The parties have stipulated that certain facts are true, and those admitted facts may be read to you during trial. You must treat these admitted facts as having been proven for purposes of this case.

## X.   DEMONSTRATIVES

Certain charts and summaries may be shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are called demonstratives and are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the documents, testimony, or other underlying evidence. Demonstratives are not admitted into evidence and should not be considered as evidence.

## XI.   NOTE-TAKING

You have been given a notebook that contains the following:

- A copy of the '851 Patent;

- A copy of the '061 Patent;

- A copy of the '097 Patent;

- A copy of the '220 Patent;

- A copy of the '418 Patent; and

- The Court's rulings as to the meaning of certain claim terms in the Patents-in-Suit (*i.e.*, the *Markman* Order).

You have also been given a notepad and a pen. If you wish, you may, but are not required to, take notes during the presentation of the evidence, the arguments of the attorneys at the end of the case, and during my instructions to you on the law. Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. Therefore, you should pay close attention to the testimony as it is given. I do not suggest that you look to your note taking as a substitute for that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide this case. Do not let note-taking distract you to the point that you miss hearing other testimony from the witness. Your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and

are not a complete outline of the proceedings or a list of the highlights of the trial. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.

During the trial, documents or other physical items may be received into evidence. At the present, however, you will not be supplied with a list of exhibits that are received into evidence. Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating. You will be given a hardcopy of every admitted exhibit to take to the jury room to use during deliberations.

When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there. Do not take your notes away from the court at any time. No one will read your notes but you. Your notes will be destroyed after the trial is over.

At the end of the trial, you must make your decision based on what you recall of the evidence. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

## XII.   DUTY OF THE JURY

It will be your duty to find what the facts are from the evidence as presented at trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

## XIII.  CONDUCT OF THE JURY

Now a few words about your conduct as jurors.

First, until you have heard all of the evidence and retired to the jury room to deliberate after closing arguments, you are not to discuss the case with anyone, not even among yourselves during the trial. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is not because they are being rude, but because they are not supposed to talk with you, nor you with them. If anyone should try to talk to you about the case, please bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that, I mean, if there is a newspaper or internet article or television or radio report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own.  Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, the technology involved in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the courtroom.  Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones and other smartphones, iPads and other tablets, the internet, and other forms of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone or

smartphone, through e-mail, your tablet, text messaging, on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking web sites, including but not limited to Facebook, Twitter, Instagram, TikTok, WeChat, WhatsApp, Snapchat, LinkedIn, and YouTube.

Finally, you should not form any conclusion as to the claims until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. You will receive detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## XIV.  BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to talk with the lawyers outside your hearing, either by having a bench conference while you are present in the courtroom, sometimes called a sidebar, or by me calling a recess. That may mean that some of the lawyers and I gather at sidebar so that we can talk.

If we have a bench conference, please understand that while you are waiting, the lawyers and I are working. And know that even then the parties are being charged for the time, *i.e.*, the time spent comes out of their total trial time. We are not trying to keep important information from you.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are conferring, you should feel free to do so.

I may not always grant a lawyer's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

17

## XV.  COURSE OF THE TRIAL

The trial will begin shortly.

First, each side may make an opening statement.  An opening statement is not evidence but is simply an outline of what that party intends to prove to help you follow the evidence that will be presented.

After the opening statements, the parties will present their evidence. Presentation of evidence will follow the burden of proof. EIS will go first and present its case-in-chief on unfair competition, deceptive trade practices, tortious interference with business relations, and fraud in an attempted monopolization. WOW Tech will then present its response, in addition to its case-in-chief on patent infringement. EIS may then offer its rebuttal to WOW Tech's response and EIS/Triple A Defendants will present their response to WOW Tech's case-in-chief.  WOW Tech may then present its rebuttal to EIS/Triple A Defendants' response.

After all the evidence is presented, the attorneys will offer closing arguments.  The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you.

After that, I will give you instructions on the law and describe for you the matters you must resolve.

After that, you will retire to the jury room to deliberate on your verdict.]

## XVI.  TRIAL SCHEDULE

Though you have heard this before, I want to again outline the schedule I will maintain during the course of this trial.

As I mentioned previously, once trial begins, this case is expected to take up to five business days to try, between now and Friday, September 15th. We will normally begin the day at 9:30 A.M. We will go until around 1:00 P.M., when there will be about a 45-minute break for lunch, before continuing until no later than 5:30 P.M.  There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions if I have to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

As I mentioned, this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that the case is expected to be completed by Friday, September 15th.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.