# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EIS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 19-cv-1227-GBW |
| | § | |
| INTIHEALTH GER GMBH, | § | Demand For Jury Trial |
| WOW TECH USA, LTD., WOW TECH | § | |
| CANADA, LTD. and NOVOLUTO GMBH, | § | |
| | § | |
| Defendants. | § | |

| | |
|---|---|
| NOVOLUTO GMBH, | § |
| | § |
| Counterclaimant, | § |
| | § |
| v. | § |
| | § |
| EIS, INC., EIS GMBH, | § |
| TRIPLE A IMPORT GMBH, | § |
| and TRIPLE A MARKETING GMBH, | § |
| | § |
| Counterclaim Defendants. | |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS IN RESPONSE TO EIS'S LETTER REGARDING IPR**

Dear Judge Williams:

The *inter partes* reviews of the '851, '061 and '097 Patents by the Patent Office's Patent Trial and Appeal Board ("PTAB") are part of the prosecution history of every one of the five Asserted Patents in this case and are therefore directly relevant to all issues in this case. The Court correctly denied EIS's motion *in limine* and correctly found that "the results of *inter partes* reviews of the '851, '061 and '097 patents are directly relevant to WOW Tech's claims and defenses…" September 5, 2023 Pretrial Conference Transcript at 5:21-23. Just as with EIS's repeated recycling of claim construction arguments after losing those positions, EIS seeks reconsideration of its motion *in limine* under the ruse of seeking "clarification." The Court should deny EIS's attempt to take another run at excluding squarely relevant evidence from this case.

EIS's attempt to hide the decisions in the IPRs involving WOW's patents is a clear and unjustified attempt to confuse the jury by concealing part of the prosecution history of these patents. The facts are irrefutable: the PTAB reviewed WOW's patents in three separate *Inter Partes* Review proceedings ("IPRs") under a preponderance of the evidence standard, and in each instance, the PTAB concluded that WOW's patents were not unpatentable. All three decisions were reviewed again by the United States Court of Appeals for the Federal Circuit, who affirmed those decisions.

Now, EIS seeks to withhold this crucial information from the jury, while simultaneously planning to rely on and recycle the very same prior art references that the PTAB already reviewed. Concealing these significant parts of the prosecution history of the patents is not only unjust but also contradicts established legal principles. As stated in *Oracle Am., Inc. v. Google Inc.*, "it would be wrong to conceal this important information from the jury," even when discussing patent invalidity. 2012 WL 1189898, at *3 (N.D. Cal. Jan. 4, 2012). The patent in *Oracle* had finished reexamination with all asserted claims allowed, which the court found significant, explaining: "To be sure, the *initiation* of reexamination and the customary first office action prove little; *but here*, the *examiners have gone to the end of their process*. It would be wrong to conceal this important information from the jury." *Id.* (emphasis added). As in *Oracle*, here the PTAB has gone to the end of its process in IPRs and it would be wrong to conceal this highly probative information from the jury.

The Court correctly recognized the direct relevance of the PTAB's rulings on the '851, '061, and '097 Patents during the recent pretrial conference and astutely found that "the probative value would not be substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury." Transcript at 6:3-6:7. Indeed, the risk of confusion is minimal, as confirmed by other courts in similar cases. *L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*, 2013 WL 7964028, at *3 (E.D. Tex. Nov. 14, 2013), *aff'd in part*, 610 Fed. Appx. 1015 (Fed. Cir. 2015) (denying MIL to preclude evidence where USPTO confirmed patentability). And, as the Court has already recognized at the pretrial conference, "[a]ny potential confusion can be addressed by appropriate jury instructions on the standard of proof applicable to patent invalidity defenses and counterclaims." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. SACV 12-00329 AG, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014).

Furthermore, the allegation that WOW intends to mislead the jury on invalidity is patently unfounded. WOW has no reason to resort to misleading tactics because there is nothing deceptive about the PTAB's conclusions. If anything, EIS is attempting to mislead the jury by withholding

these relevant facts that are part of the prosecution histories of all the patents-in-suit.  EIS wants to selectively direct the jury's attention to some portions of the prosecution histories while pretending entire IPR proceedings never happened.  It is an established fact that the panel of judges at the PTAB meticulously reviewed the '097, '851, and '061 Patents.  Moreover, "the risk of confusion is minimal because a lower threshold of proof is required to show invalidity before the USPTO than is required by Defendants in this Court." *L.C. Eldridge Sales Co., Ltd.*, at *3.

EIS's reliance on *IOENGINE* for its arguments is misplaced.  Ltr. at 1.  That case presented the exact reverse situation as what is here.  In that case, the **patent owner** was seeking to exclude the PTAB's findings under a lower burden of proof that **unasserted** claims were **invalid**.  *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, 2022 WL 2800911, at *1 (D. Del. June 27, 2022).  In other words, the claims that were invalidated by the PTAB in a prior IPR were not being asserted in the district court case, so of course it was prejudicial to the patent owner to introduce evidence at trial that claims that were not even at issue in the case were found to be invalid in other proceedings.  A finding of invalidity under a lower burden of proof is classic prejudicial evidence.  Here, it is the exact opposite—here the **patent challenger** (EIS) is seeking to exclude its own failed attempts at invalidating patents under a lower burden of proof than will be required at trial.  When a patent challenger fails to prove invalidity of the very same patent claims being asserted at trial under the *less stringent burden of proof* applied by the PTAB, those findings carry *significant* weight in favor of the patents' validity.  Here, the PTAB examined and **confirmed the validity** of the very same claims **asserted** in this case using the preponderance of evidence standard, a lower standard than the clear and convincing one that the jury will later be tasked with applying.  These findings are squarely probative of the patents' validity.  And, as discussed above, this Court has already found that the risk of confusion is minimal.

In addition, other courts have found that "IPR denials may be relevant to rebutting a defendant's invalidity assertions at trial that conflict with positions taken earlier during the IPR." *EagleView Techs., Inc. v. Xactware Sols., Inc.*, 485 F. Supp. 3d 505, 526 (D.N.J. 2020).  "There is also the risk in a given case that unless the IPR denials are introduced, the jury may wrongly infer that the prior art was not before the Patent Office even though it was considered and rejected." *Id.*  The PTAB's findings and explanations of prior art references are clearly relevant to WOW's rebuttal to EIS's invalidity defenses, and if not introduced, the jury may wrongly infer that prior art was not before the Patent Office even though it was considered and rejected.  *Id*.

The IPRs are complete as are all appeals to the Federal Circuit.  EIS lost.  The PTAB's findings, **under a lower burden of proof**, are relevant, probative, and not unduly prejudicial to EIS.  These important portions of the prosecution history of all patents in this case must not be concealed from the jury.

Respectfully,

*/s/ Gregory E. Stuhlman*

Gregory E. Stuhlman (No. 4765)

cc:   Clerk of Court (via hand delivery)
       All Counsel of Record (by CM/ECF and E-mail)