IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1227 (GBW) |
| | ) |
| INTIHEALTH GER GMBH, | ) |
| WOW TECH USA, LTD., | ) ▮▮▮▮▮▮▮▮▮ |
| WOW TECH CANADA, LTD. and | ) |
| NOVOLUTO GMBH, | ) |
| | ) REDACTED - PUBLIC VERSION |
| Defendants. | ) |
| | ) |
| NOVOLUTO GMBH, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| v. | ) |
| | ) |
| EIS, INC., EIS GMBH, | ) |
| TRIPLE A IMPORT GMBH, | ) |
| and TRIPLE A MARKETING GMBH, | ) |
| | ) |
| Counterclaim Defendants. | ) |

**AMENDED JOINT PROPOSED PRETRIAL ORDER**

# TABLE OF CONTENTS

**Page**

I.    NATURE OF THE CASE, PLEADINGS, AND COUNTERCLAIMS ........................... 1

    A.    The Parties ................................................................................................. 1

    B.    Nature of the Action ................................................................................. 2

II.   JURISDICTION ................................................................................................... 5

III.  FACTS ................................................................................................................. 6

    A.    Uncontested Facts ..................................................................................... 6

    B.    Contested Facts ......................................................................................... 6

IV.   ISSUES OF LAW ................................................................................................ 6

V.    WITNESSES ........................................................................................................ 7

    A.    Witness Lists ............................................................................................. 7

    B.    Testimony by Deposition .......................................................................... 9

VI.   EXHIBITS .......................................................................................................... 14

    A.    Trial Exhibits ........................................................................................... 14

    B.    Demonstrative Exhibits ........................................................................... 18

VII.  BRIEF STATEMENTS OF INTENDED PROOF ............................................. 20

VIII. AMENDMENTS TO THE PLEADINGS .......................................................... 20

IX.   SETTLEMENT ................................................................................................... 20

X.    ORDER OF PROOF AT TRIAL ....................................................................... 20

XI.   ADDITIONAL MATTERS ................................................................................ 21

Plaintiff EIS, Inc. and Counterclaim Defendants EIS, Inc.; EIS GmbH; Triple A Marketing GmbH; and Triple A Import GmbH (collectively, "EIS") and Counterclaimaint Novoluto GmbH ("Novoluto") and Defendants Intihealth Ger GmbH; WOW Tech USA, Ltd.; WOW Tech Canada, Ltd.; and Novoluto GmbH (collectively, "WOW Tech") submit this Amended Joint Proposed Pretrial Order pursuant to the Court's Scheduling Order (D.I. 288), the Court's order during the September 5, 2023 Pretrial Conference, the Federal Rules of Civil Procedure, and the Local Rules.

## I.   NATURE OF THE CASE, PLEADINGS, AND COUNTERCLAIMS

### A.   The Parties

1.   Plaintiff and Counterclaim Defendant EIS, Inc. is a Delaware corporation, having a principal place of business at 110 Wall Street, New York, New York, 10005.

2.   Counterclaim Defendant EIS GmbH is incorporated under the laws of Germany, having a principal place of business at AM Lenkwerk 3, 33609 Bielefeld, Germany.

3.   Counterclaim Defendant Triple A Import GmbH is a company incorporated under the laws of Germany, having a principal place of business at AM Lenkwerk 3, 33609 Bielefeld, Germany.

4.   Counterclaim Defendant Triple A Marketing GmbH is a company incorporated under the laws of Germany, having a principal place of business at AM Lenkwerk 3, 33609 Bielefeld, Germany.

5.   Defendant and Counterclaim Plaintiff Novoluto GmbH is a company organized and existing under the laws of Germany, with a principal place of business at Hermann-Blankenstein-Straße 5, 10249 , Berlin, Germany.

6.   Defendant WOW Tech USA, Ltd. is a Delaware corporation with a mailing address at 103 Foulk Road, Suite 202, Wilmington, Delaware, 19803.

7.   Defendant WOW Tech Canada, Ltd. is a company organized and existing under the

1

laws of Canada, with a mailing address at 401-1545 Carling Ave, , Ottawa, Ontario K1Z,, Canada.

8.    Defendant InitHealth Ger GmbH is a company organized and existing under the laws of Germany, with a principal place of business at Hermann-Blankenstein-Straße 5, 10249 , Berlin, Germany.

**B.    Nature of the Action**

9.    On June 28, 2019, EIS, Inc. initiated this suit against Defendants Intihealth Ger GmbH;[1] WOW Tech USA, Ltd.; WOW Tech Canada, Ltd.; and Novoluto GmbH. D.I. 001.

10.    On September 16, 2021, EIS, Inc. filed the third amended complaint, which is the operative complaint in this action.  D.I. 111.

11.    On September 28, 2021, WOW Tech filed its answer and affirmative defenses to EIS, Inc.'s third amended complaint.  Novoluto included counterclaims against EIS, Inc. as well as added counterclaim defendants EIS GmbH; Triple A Import GmbH; and Triple A Marketing GmbH.  D.I. 118.

12.    On December 13, 2021, EIS filed its answer and affirmative defense to Novoluto's counterclaims. D.I. 157.

13.    EIS, Inc. accuses WOW Tech of committing unfair competition under the Lanham Act, the Delaware Uniform Deceptive Trade Practices Act ("DTPA"), and Delaware common law. EIS, Inc. also accuses WOW Tech of committing tortious interference with EIS, Inc.'s business relations.  EIS, Inc. also accuses WOW Tech of committing *Walker Process* fraud.

14.    EIS, Inc. seeks monetary damages and injunctive relief for WOW Tech's unfair competition, tortious interference with business relations, and *Walker Process* fraud.

---

[1] All assets from original named defendant WOW Tech International GmbH were conveyed to Intihealth Ger GmbH during the pendency of this action, and Intihealth Ger GmbH was substituted for WOW Tech International GmbH when WOW Tech International GmbH ceased to exist.  D.I. 75, 78.

15. EIS, Inc. seeks a declaratory judgment that United States Patent Nos. 9,763,851 ("the '851 patent"); 9,849,061 ("the '061 patent"); and 9,973,097 ("the '097 patent") are unenforceable for inequitable conduct.

16. EIS, Inc. seeks a declaratory judgment of noninfringement of the '851, '061, and '097 patents, as well as United States Patent Nos. 11,090,220 ("the '220 patent") and 11,103,418 ("the '418 patent").

17. EIS contends that it is entitled to attorneys' fees under 35 U.S.C. § 285.

18. WOW Tech denies each of EIS, Inc.'s claims.

19. WOW Tech contends that EIS, Inc.'s claims are barred by the doctrines of laches, acquiescence, unclean hands, and/or estoppel; are barred to the extent EIS, Inc. is seeking double recovery for the same alleged wrongs; and are barred by the truth of the statements made by WOW Tech.

20. WOW Tech denies that EIS, Inc. is entitled to any damages, at all or in the amount EIS, Inc. seeks, for EIS, Inc.'s alleged claims.  WOW Tech further denies that EIS is entitled to any costs or attorneys' fees.

21. Novoluto alleges that certain of EIS's Satisfyer Air Pulse products infringe the '851, '061, '097, '220, and '418 patents.

22. More specifically, Novoluto alleges infringement of claims 1, 2, and 4-6 of the '851 patent; claims 1, 8, and 21 of the '061 patent; claims 1, 10, and 12 of the '097 patent; claims 1, 3, 4, and 16 of the '220 patent; and claims 1, 4, and 10 of the '418 patent ("Asserted Claims"). Novoluto alleges that infringement was willful.

23. Novoluto seeks damages for EIS's infringement of the Asserted Claims of the '851, '061, '097, '220, and '418 Patents and contends damages are not limited under 35 U.S.C § 287

because Novoluto alleges EIS had actual notice and that Novoluto sufficiently marked its patent practicing products. Novoluto also seeks injunctive relief, enhanced damages for EIS's willful infringement, as well as pre-judgment and post-judgment interest, costs, and attorneys' fees under 35 U.S.C. § 285.

24.     EIS denies that it infringes any of the Asserted Claims and that any purported infringement was willful.

25.     EIS contends that each Asserted Claim is invalid under 35 U.S.C. §§ 102, 103, and/or 112.  EIS further contends that each of the '851, '061, '097, '220, and '418 patents is unenforceable for inequitable conduct and patent misuse.

26.     EIS contends that Novoluto's assertion of the Asserted Claims is barred by the doctrines of waiver, estoppel, acquiescence, and/or unclean hands.

27.     EIS denies that Novoluto is entitled to any damages, at all or in the amount Novoluto seeks, for alleged infringement of the Asserted Claims.  EIS contends that any damages recoverable by Novoluto are limited under 35 U.S.C § 287 based on Novoluto's alleged failure to mark patent practicing products and its alleged failure to provide actual notice.  EIS further contends that Novoluto is not entitled to pre-judgment or post-judgment interest, or any costs or attorneys' fees.

28.     Novoluto contends that EIS is estopped under 35 U.S.C. § 315(e)(2) from arguing in this litigation that any previously-challenged patent claim is invalid on any ground that EIS GmbH raised or reasonably could have raised in any of the *inter partes* review proceedings Case Nos. IPR2019-01302, IPR2019-01444, and IPR2020-00007.

29.     Novoluto denies that any Asserted Claim is invalid under 35 U.S.C. §§ 102, 103, and/or 112, or that any of the '851, '061, '097, '220, and '418 Patents is unenforceable for

inequitable conduct or patent misuse.

30.     A pretrial conference is scheduled for September 5, 2023 at 1:00 p.m.. A five-day jury trial is scheduled to begin on September 11, 2023.

## II.     JURISDICTION

31.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States, including Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), Section 2 of the Sherman Act (15 U.S.C. § 2), and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15(a) and 26).  The Court also has subject matter jurisdiction over this action because it arises under the patent laws of the United States.  35 U.S.C. § 1 *et seq.*  This Court has jurisdiction pursuant to 28 U.S.C. § 1367 over the state statutory and common law claims for unfair competition and deceptive trade practices and common law tortious interference with business relations.  No party contests subject matter jurisdiction.

32.     Plaintiff and Counterclaim Defendant EIS, Inc. admits that personal jurisdiction and venue in this District are proper for this case.

33.     Counterclaim Defendants EIS GmbH; Triple A Import GmbH; and Triple A Marketing GmbH deny that personal jurisdiction and venue in this District are proper.

34.     Defendant WOW Tech USA, Ltd. admits that personal jurisdiction and venue in this District are proper.

35.     Counterclaim Plaintiff Novoluto GmbH has consented to personal jurisdiction and venue by, at least, its filing of counterclaims.

36.     Defendants WOW Tech Canada, Ltd. and Intihealth Ger GmbH deny that personal jurisdiction and venue in this District are proper.

## III.   FACTS

### A.   Uncontested Facts

37.     Attached as **Exhibit 1**[2] are facts that are not disputed or have been agreed to by the parties and require no proof at trial.  These uncontested facts shall require no proof at trial and will become part of the evidentiary record at trial once introduced to the jury.  Any party may read or introduce any of the uncontested facts to the jury at any time without prior notice and the jury should be instructed that the undisputed facts are to be taken as true in their deliberations.

### B.   Contested Facts

38.     EIS's statement of issues of fact to be litigated at trial is set forth in **Exhibit 2**.

39.     WOW Tech's statement of issues of fact to be litigated at trial is set forth in **Exhibit 3**.

40.     If this Court determines that any issue identified in either statement of issues of fact is more properly considered as an issue of law, it should be so considered.

41.     The parties reserve the right to modify or supplement their statements of issues of fact to be litigated at trial to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties.  The parties also reserve the right to move items from their respective lists of contested facts to the joint statement of uncontested facts in the event the parties come to the agreement that the issue is no longer contested.

## IV.   ISSUES OF LAW

42.     EIS's statement of issues of law to be litigated at trial is set forth in **Exhibit 4**.

43.     WOW Tech's statement of issues of law to be litigated at trial is set forth in

---

[2] Exhibits 1-9 and 12-16 to the Joint Proposed Pretrial Order, previously filed at D.I. 615, are incorporated by reference. Exhibits 10-11 have been amended since the filing of the original pretrial order and are being filed with this Amended Joint Proposed Pretrial Order.

**Exhibit 5**.

44.     If this Court determines that any issue identified in either statement of issues of law is more properly considered as an issue of fact, it should be so considered.

45.     The parties reserve the right to modify or supplement their statements of issues of law to be litigated at trial to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties.

## V.     WITNESSES

### A.     Witness Lists

46.     The list of witnesses that EIS will call or may call to testify in person or by deposition designation is attached as **Exhibit 6**

47.     The list of witnesses that WOW Tech will call or may call to testify in person or by deposition designation is attached as **Exhibit 7**.

48.     To the extent that a witness becomes unavailable for trial, each party reserves the right to call that witness by deposition to the extent permitted by the Federal Rules of Civil Procedure, as set forth below in this pretrial order.  The party calling such a witness by deposition must promptly provide an explanation of the changed circumstances and the proposed deposition designations to the other party.  Such other party reserves all rights to object to the use of such deposition testimony, including on the grounds that the witness is not unavailable, the unavailability was foreseeable, or because untimely deposition designations will cause it unfair prejudice.

49.     Any witness not listed in the parties' witness lists will be precluded from testifying absent a showing of good cause.  Good cause includes, for example, one or more of the following reasons:  (1) additional witnesses to respond to any issues raised by the Court's pretrial or trial rulings; (2) any witness solely for impeachment purposes to the extent permitted by applicable

rules; (3) any witness who appears on the other party's witness list; and (4) additional rebuttal witnesses that could not have been anticipated.

50.     With respect to those witnesses whom the parties have identified in Exhibits 6 and 7 who will be called to testify live at trial, no deposition designations or counter-designations are required.  Should the party that intends to call a fact witness identified in Exhibits 6 and 7 as testifying live at trial demonstrate that the fact witness has become unavailable, as that term is defined in the Federal Rules of Civil Procedure and Federal Rules of Evidence, the parties may designate specific pages and lines of deposition transcript that they intend to read or play in lieu of the witness's appearance.  A party shall immediately notify the other party in the event it learns that a witness has become unavailable and allow the other party sufficient time to prepare objections and any counter-designations to such deposition testimony.

51.     The parties agree that each side may designate one (1) party representatives to act as the corporate representative for that side.  The parties agree that fact witnesses other than the designated corporate representative will be sequestered. In the event a party needs to show evidence or elicit testimony regarding documents that have been designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order and that designation is either not challenged or the Court overrules a confidentiality challenge, then the parties agree that the corporate representative for the side whose Highly Confidential – Attorneys' Eyes Only information is not at issue will leave the courtroom during such time, or both corporate representative if third party information is being presented.  For example, if EIS's Highly Confidential – Attorneys' Eyes Only information is presented, EIS's corporate representative may remain in the courtroom but WOW Tech's corporate representative shall leave the courtroom during that time.  The parties agree that expert witnesses need not be sequestered.

52.     On September 6, 2023, each party shall provide a good faith list of the witnesses it expects to call during the trial in the general order in which it expects to call them.  During trial, each party shall provide notice by email of the witness(es) it intends to call, whether they will be called live or by deposition, and the order in which they will be called, by not later than 7:00 p.m. ET two (2) calendar days before the trial day on which the witness is to be called.  For clarity, the parties shall provide their first notice email regarding witnesses by no later than 7:00 p.m. on Saturday, September 9, 2023, for the witnesses they intend to call on Monday, September 11, 2023, and so on.

B.     **Testimony by Deposition**

53.     The deposition testimony that EIS may offer into evidence is identified in **Exhibit 8**, along with WOW Tech's objections and counter-designations thereto, and EIS's objections to the counter-designations and "completeness" designations.

54.     The deposition testimony that WOW Tech may offer into evidence is identified in **Exhibit 9**, along with EIS's objections and counter-designations thereto, and WOW Tech's objections to the counter-designations and "completeness" designations.

55.     The parties may offer some or all of the deposition testimony set forth in the attached exhibits at trial.  A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented upon at trial.

56.     Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as a counter-designation for fairness or completeness reasons, subject to all objections.  For convenience and sake of brevity, the parties have listed counter-designations in response to specific affirmative designations by the opposing party.  To the extent an opposing party withdraws any affirmatively designated testimony, a party may present its counter-designation testimony in response to other affirmative testimony by the

9

opposing party, subject to any objections by the affirmatively-designating party that those counter-designations are not proper counters to the remaining affirmative testimony.

57.     With respect to those witnesses who are expected to testify by deposition rather than in person, each party has designated specific pages and lines of deposition testimony of the fact witnesses that it may read or play during trial pursuant to Rule 32 of the Federal Rules of Civil Procedure (*e.g.*, testimony of a party's officer or Rule 30(b)(6) designees, testimony of unavailable witnesses, etc.), other than for impeachment or cross-examination of a live witness.

58.     Whether or not a witness is designated as will call, either party may use for any purpose the deposition of a witness who, when deposed, was the other party's officer, director, managing agent, or designee under Rule 30(b)(6).

59.     If a "may call" witness will not be made available to testify live at trial, the other party must be informed by September 6, 2023, absent good cause.

60.     Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations read or played by video in court, including any additions to address any incompleteness objections, and counter-designations, respectively.  The time to play counter-designations shall be charged against the time of the counter-designating party.  The party calling the witness by deposition will be responsible for calculating, and will provide the Court, by the end of the day that the testimony is played, an accounting of the time for each party's designations based on the parties' proportional share of lines of testimony for read-in testimony and by actual time for video testimony so that the Court may accurately charge time to the designating party.

61.     If an exhibit is referenced in a deposition designation played at trial, the designating party may seek to admit the exhibit into evidence if it is included on a party's trial exhibit list,

subject to the other party's objections.  If an exhibit is referenced in a deposition designation played at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the jury alongside the video and highlight or enlarge portions of the exhibit on the screen that were discussed or referenced in the designation or counter-designation, respectively, as if the exhibit was being shown to a live testifying witness.

62.     By objecting to a deposition designation on a given ground, a party asserts that at least one question or answer in the designation is subject to such objection.

63.     Each party reserves the right to object to a given deposition designation as improper under Rule 32, including because the witness is not unavailable and the testimony falls outside the scope of the topic for which the witness was designated under Rule 30(b)(6), in view of the specific context in which such testimony is offered.

64.     A party's deposition designations or counter-designations shall not operate as a waiver of any of that party's objections to the other party's designations and may be offered in the alternative.

65.     All irrelevant and redundant material such as objections and colloquy between counsel (except insofar as the parties agree that the colloquy clarifies a deposition question, and to the extent the parties dispute whether the colloquy clarifies a deposition question, the party seeking to include the colloquy will raise that issue with the Court) will be eliminated when the deposition is read or viewed at trial.

66.     When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played.

67.     For any witness whose testimony the parties intend to present at trial by deposition, the parties shall identify a list of deposition designations to be played to the jury and the proposed exhibits to be used in the designations by 7:00 p.m. ET two (2) calendar days before the designations are to be played to the jury.  The party receiving the designations shall inform the opposing party of any objections and counter-designations by 7:00 p.m. ET one (1) calendar day prior to the testimony being offered into the record.  The parties will meet and confer regarding any unresolved objections by 9:00 p.m. that evening.  If good faith efforts to resolve the objections fail, the parties will submit by email the unresolved objections to the Court by 12:30 a.m.[3] of the day the designations are to be played pursuant to the Court's Dispute Resolutions / Objections procedure

(https://www.ded.uscourts.gov/sites/ded/files/Judge%20Williams%E2%80%99%20Trial%20Procedures.pdf).  The parties shall attach to the email digital copies of all relevant deposition designations with the disputed passages highlighted.  By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the objections and relevant exhibits and deposition designations.  The parties shall leave the courtesy copies on the podium in the courtroom.

68.     The party offering the testimony is responsible for preparing video deposition clips of all designated testimony for that witness.  A copy of the video deposition clips, including counter-designation clips, shall be provided to the opposing party no later than 9:30 p.m. ET the day before the deposition testimony is expected to be played, or state in writing that the deposition will be read into the record.  The exchange format consists of: (a) download link to video file that corresponds to the video depositions clips; (b) PDF Clip Report for each witness (cover page to include total run time, EIS Designation Run Times, WOW Tech Designation Run Times, and

---

[3] The parties have agreed to a 12:30 a.m. submission instead of 6:00 a.m.

relevant exhibits included in the video); and (c) .XML (or .CMS) file for the parties to exchange for playback during trial so that each party may properly review each other's video files and modify the counter-designation clips of the video files that are going to be produced to the jury, as necessary.

69.     For those witnesses whose depositions will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name, position or title, and/or the entity with which he or she is associated, the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties.  However, counsel shall not be permitted to argue or comment on the evidence during transition statements.

70.     The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment of a witness.  Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

71.     If a party intends to use deposition testimony during its opening statement, the party shall disclose the testimony by 2:00 p.m. ET two (2) calendar days before opening statements.  The parties will provide any objections to such testimony by 6:00 p.m. ET the same day, and the parties will meet and confer by 8:00 p.m. ET the same day.  If good faith efforts to resolve the objections fail, the parties will submit the unresolved objections to the Court by 12:30 a.m.[4] of the day of the opening statements pursuant to the Court's Dispute Resolutions / Objections procedure (https://www.ded.uscourts.gov/sites/ded/files/Judge%20Williams%E2%80%99%20Trial%20Procedures.pdf).  The parties shall attach to the email digital copies of all relevant deposition

---

[4] The parties have agreed to a 12:30 a.m. submission instead of 6:00 a.m.

designations with the disputed passages highlighted.  By 8:15 a.m., the parties shall provide the

Court with two (2) courtesy copies of the objections and relevant exhibits and deposition

designations.  The parties shall leave the courtesy copies on the podium in the courtroom.

## VI.   EXHIBITS

### A.   Trial Exhibits

72.     EIS's list of exhibits that it intends to offer at trial, with WOW Tech's objections,

is attached as **Exhibit 10**.

73.     WOW Tech's list of exhibits that it intends to offer at trial, with EIS's objections,

is attached as **Exhibit 11**.

74.     The joint list of exhibits that the parties intend to offer at trial is attached as

**Exhibit 12**.

75.     The parties agree that exhibits to be used solely for impeachment need not be

included on the lists of trial exhibits or disclosed in advance of being used at trial.

76.     The parties agree to provide witness binders for each fact and expert witness for

direct examination.  Two (2) copies of any such binders, and of any witness binders to be used on

cross-examination, must be provided to the Court, and one (1) copy must be provided to the other

side's counsel.

77.     No exhibit will be admitted unless offered into evidence through a witness, who

must at least be shown the exhibit (either live if the witness is live or during a deposition of the

witness if being offered by deposition).  At some point during or immediately after, or at some

other time directed by the Court and/or otherwise agreed to by the parties, any party that has used

an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally

move the exhibit into evidence, by exhibit number.  Should a party inadvertently fail to move such

an exhibit into evidence at the close of the witness's testimony, the parties agree that such exhibits

may be moved into evidence at any point before the close of evidence at trial.

78.     Exhibits may be introduced via video deposition testimony.  Any party that has used an exhibit with the deponent and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.

79.     Except as provided by the Federal Rules of Evidence and provided below with respect to opening statements, exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.  Once admitted, counsel for either party may publish exhibits to the jury without requesting to do so.

80.     Any exhibit, once admitted at trial, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence.

81.     A party may not introduce at trial any exhibit not appearing on its list, another party's list, or on the parties' joint exhibit list, except for exhibits used solely for impeachment. Such exhibits, if not appearing on a party's exhibit list or the joint exhibit list, shall not be admissible unless good cause is shown.

82.     Even if not separately listed on its own exhibit list, a party may introduce any exhibit from any other party's trial exhibit list, subject to any appropriate objections from the opposing party.  If a party attempts to introduce or use an exhibit that was not previously listed on its own exhibit list, any other party may offer any applicable objection, even if such objection was not previously noted on the exhibit lists.

83.     The listing of a document on a party's exhibit list or the joint exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

84.     Each party reserves the right to object to the admissibility of any evidence offered

by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered, but only if such context is not reasonably foreseeable.  All other objections to the admissibility of evidence shall be raised beforehand, pursuant to the provisions of this order.

85.    The parties agree that if any party removes or otherwise withdraws an exhibit from its exhibit list, another party may amend its exhibit list to include that same exhibit.  The parties also agree that the parties can make objections to such exhibits, other than an objection based on untimely listing.

86.    The parties agree that any description of a document or other material on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document or material.

87.    A party will provide exhibits to be used in connection with a direct examination by 7:00 p.m. ET the day before their intended use, and objections will be provided no later than 8:30 p.m. ET the night before their intended use.  The parties will meet and confer regarding any unresolved objections by 9:00 p.m. that evening.  If good-faith efforts to resolve the objections fail, the parties will submit the unresolved objections to the Court by 12:30 a.m.[5] of the day of the direct examination pursuant to the Court's Dispute Resolutions / Objections procedure (https://www.ded.uscourts.gov/sites/ded/files/Judge%20Williams%E2%80%99%20Trial%20Procedures.pdf).  The parties shall attach to the email digital copies of all relevant exhibits with the disputed passages highlighted.  By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the objections and relevant exhibits.  The parties shall leave the courtesy copies on the podium in the courtroom.

---

[5] The parties have agreed to a 12:30 a.m. submission instead of 6:00 a.m.

88.     If a party intends to use during its opening statement an exhibit to which the other party has objected, the party shall disclose the exhibit(s) by 2:00 p.m. ET two (2) calendar days before opening statements.  If the opposing party continues to object to any such exhibit(s), it will provide any objections to such exhibit(s) by 6:00 p.m. ET the same day, and the parties will meet and confer by 8:00 p.m. ET the same day.  If good faith efforts to resolve the objections fail, the parties will submit the unresolved objections to the Court by 12:30 a.m.[6] of the day of the opening statements pursuant to the Court's Dispute Resolutions / Objections procedure (https://www.ded.uscourts.gov/sites/ded/files/Judge%20Williams%E2%80%99%20Trial%20Procedures.pdf).  The parties shall attach to the email digital copies of all relevant exhibits with the disputed passages highlighted.  By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the objections and relevant exhibits and deposition designations.  The parties shall leave the courtesy copies on the podium in the courtroom.

89.     The parties shall make available for inspection, at a mutually convenient time, any physical exhibits to be used at trial, labeled with an exhibit number.

90.     The final digital copy of each exhibit page will be endorsed with a unique page identifier, including the exhibit prefix, exhibit number, and page numbers of the electronic document.  The exhibit prefixes shall be: "JTX" for exhibits on the Joint Exhibit List; "PTX" for exhibits on EIS's Exhibit List; and "DTX" for exhibits on WOW Tech's Exhibit List.  The page numbering shall begin at 1 for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal.  For example, page 26 of Joint Exhibit 6 would be endorsed / paginated as either: "JTX-0006.26" or "JTX-6.26".

---

[6] The parties have agreed to a 12:30 a.m. submission instead of 6:00 a.m.

91.     The exhibit lists indicate whether each trial exhibit has previously been marked as a deposition exhibit.  To remove duplicates and improve legibility of the exhibits used at trial, the parties agree that the trial exhibit shall be treated as identical to the indicated deposition exhibit regardless of whether it bears a deposition exhibit sticker.

### B.     Demonstrative Exhibits

92.     EIS's demonstratives will be identified with PDX numbers.

93.     WOW Tech's demonstratives will be identified with DDX numbers.

94.     The parties will exchange demonstratives intended for use in opening statements by 2:00 p.m. ET two (2) calendar days before opening statements.  The parties will provide any objections to such demonstratives by 6:00 p.m. ET on the same day, and the parties will meet and confer by 8:00 p.m. ET the same day.  If good faith efforts to resolve the objections fail, the parties will submit the unresolved objections to the Court by 12:30 a.m.[7] of the day of the opening statements pursuant to the Court's Dispute Resolutions / Objections procedure (https://www.ded.uscourts.gov/sites/ded/files/Judge%20Williams%E2%80%99%20Trial%20Procedures.pdf).  The parties shall attach to the email digital copies of all relevant demonstratives with the disputed passages highlighted.  By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the objections and relevant demonstratives.  The parties shall leave the courtesy copies on the podium in the courtroom.

95.     A party will provide demonstratives to be used in connection with direct examination by 7:00 p.m. ET the night before their intended use, and objections will be provided not later than 8:30 p.m. ET the night before their intended use.  The parties will meet and confer regarding any unresolved objections by 9:00 p.m. that evening.  If good faith efforts to resolve

---

[7] The parties have agreed to a 12:30 a.m. submission instead of 6:00 a.m.

objections to demonstrative exhibits fail, the parties will submit the unresolved objections to the Court by 12:30 a.m.[8] of the day of their intended use pursuant to the Court's Dispute Resolutions / Objections procedure (https://www.ded.uscourts.gov/sites/ded/files/Judge%20Williams%E2%80%99%20Trial%20Procedures.pdf). The parties shall attach to the email digital copies of all relevant demonstratives with the disputed passages highlighted. By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the objections and demonstratives. The parties shall leave the courtesy copies on the podium in the courtroom.

96.     The party seeking to use demonstratives will provide a color representation of the demonstrative to the other side in PDF format. However, for video or animations, the party seeking to use the demonstrative will provide an electronic copy to the other side, for example, by FTP transfer or secure file-sharing site. For physical demonstratives of uncommon size, the party seeking to use the demonstrative will provide a color representation as a PDF or 8.5 x 11 copies of the exhibits.

97.     The foregoing provisions do not apply to demonstratives created during testimony or demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups (including retyping of text from an exhibit to increase size and legibility) or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use. The foregoing provisions also do not apply to demonstratives previously used at trial.

98.     The parties agree that the demonstratives that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Joint Pretrial Order.

---

[8] The parties have agreed to a 12:30 a.m. submission instead of 6:00 a.m.

## VII.   BRIEF STATEMENTS OF INTENDED PROOF

99.   Plaintiff EIS, Inc.'s brief statement of what it intends to prove in support of EIS, Inc.'s claims is set forth in **Exhibit 13**.

100.   Defendants WOW Tech's brief statement of what it intends to prove as defenses is set forth in **Exhibit 14**.

101.   Counterclaim Plaintiff Novoluto GmbH's brief statement of what it intends to prove in support of Novoluto GmbH's claims is set forth in **Exhibit 15**.

102.   Counterclaim Defendants EIS's brief statement of what it intends to prove as defenses is set forth in **Exhibit 16**.

## VIII.  AMENDMENTS TO THE PLEADINGS

103.   The parties do not seek to amend the pleadings at present.

## IX.   SETTLEMENT

104.   The parties have explored in good faith the resolution of this controversy by settlement, but no agreement has been reached.

## X.   ORDER OF PROOF AT TRIAL

105.   The parties have agreed on the following order of proof at trial:

EIS Opening Statement

WOW Tech Opening Statement

EIS's case-in-chief for unfair competition (Lanham Act and common law), DTPA, tortious interference with business relations, *Walker Process*, and Inequitable Conduct

WOW Tech's rebuttal to EIS's case-in-chief and WOW Tech's case-in-chief regarding infringement

EIS's rebuttal and invalidity and other defenses

WOW Tech's rebuttal to EIS's invalidity and other defenses

> EIS Closing Argument
>
> WOW Tech Closing Argument
>
> EIS Closing Argument Reply

## XI.   ADDITIONAL MATTERS

106.   EIS may seek to seal the courtroom during presentations and/or examinations that include information that is designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under the Protective Order.

107.   WOW Tech may seek to seal the courtroom during presentations and/or examinations that include information that is designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under the Protective Order.

108.   EIS shall have the Federal Judicial Center Introduction to the Patent System video ready to be played at the time the jury has been selected.

109.   EIS shall bring at least 52 pens to jury selection for the jury to use during voir dire, as required by the Court's Trial Procedures at page 2.

110.   The parties may have their respective jury consultants present during the totality of *voir dire* and trial.

111.   The parties agree that the jurors shall be permitted to take handwritten notes during the presentations of the parties and be given a jury notebook.  The jury notebooks shall include blank sheets of paper for notetaking and the 5 Patents-in-Suit.  The parties further agree that the jurors be permitted to bring these notes as well as the provided jury notebook into the deliberation room.

112.   The parties further propose that the jurors be instructed not to exchange or share their notes with each other (though they may discuss the contents of their notes during

deliberations) and that the juror's notes be collected by the clerk after each daily recess, and collected and destroyed without review after the jury's discharge.

113.    For the objections procedures noted above related to deposition designations, exhibits, demonstratives, and opening statements, the parties agree that each individual objection to an exhibit, designation, or slide will be limited to no more than 250 words and each objection response shall be limited to 250 words.  The foregoing limits may be adjusted for good cause shown or by agreement of the parties.

114.    A party that intends to seek the sealing of the courtroom based on the presentation of its own or a third party's Highly Confidential – Attorneys' Eyes Only information in connection with a direct examination or examination via deposition designation shall inform the other party by 7:00 p.m. ET the day before the intended sealing.  If the other party objects to the intended sealing of the courtroom, it shall inform the presenting party by 8:30 p.m. ET the night before the intended sealing and the parties will meet and confer regarding the objection by 9:00 p.m. that evening.  Likewise, if the presenting party intends to introduce information that the other party has designated Highly Confidential – Attorneys' Eyes Only, the presenting party shall inform the other party by 7:00 p.m. ET the day before the direct examination or examination via deposition designation.  The other party shall inform the presenting party whether the other party seeks to seal the courtroom for that information by 8:00 p.m. ET that night.  If the presenting party objects to the sealing of the courtroom, it shall inform the other party by 8:30 p.m. ET the night before the intended sealing and the parties will meet and confer regarding the objection by 9:00 p.m. that evening.  If the parties are able to agree on sealing—subject to the Court's approval—the courtroom will be sealed for that portion of the testimony.  If good-faith efforts to resolve the

sealing objections fail, the parties will submit the unresolved objections to the Court by 12:30 a.m.[9] of the day of the direct examination or examination via deposition designation pursuant to the Court's Dispute Resolutions / Objections procedure (https://www.ded.uscourts.gov/sites/ded/files/Judge%20Williams%E2%80%99%20Trial%20Procedures.pdf).  If applicable, the parties shall attach to the email digital copies of all relevant exhibits, deposition designations, and/or demonstratives with the disputed passages highlighted. By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the objections and relevant exhibits, deposition designations, and/or demonstratives.   The parties shall leave the courtesy copies on the podium in the courtroom.

115.    A party that intends to seek the sealing of the courtroom based on the presentation of its own or a third party's Highly Confidential – Attorneys' Eyes Only information during opening statements shall inform the other party by 2:00 p.m. ET two (2) calendar days before opening statements.  If the other party objects to the intended sealing of the courtroom, it shall inform the presenting party by 6:00 p.m. ET the same day and the parties will meet and confer regarding the objection by 8:00 p.m. ET the same day.  Likewise, if the presenting party intends to introduce information that the other party has designated Highly Confidential – Attorneys' Eyes Only, the presenting party shall inform the other party by 2:00 p.m. ET two (2) calendar days before opening statements.  The other party shall inform the presenting party whether the other party seeks to the seal the courtroom for that information by 5:00 p.m. ET that same day.  If the presenting party objects to the sealing of the courtroom, it shall inform the other party by 6:00 p.m. ET the same day and the parties will meet and confer regarding the objection by 8:00 p.m. that evening.  If the parties are able to agree on sealing—subject to the Court's approval—the

---

[9] The parties have agreed to a 12:30 a.m. submission instead of 6:00 a.m.

courtroom will be sealed for that portion of the opening statement.  If good-faith efforts to resolve the sealing objections fail, the parties will submit the unresolved objections to the Court by 12:30 a.m.[10] of the day of the opening statement pursuant to the Court's Dispute Resolutions / Objections procedure

(https://www.ded.uscourts.gov/sites/ded/files/Judge%20Williams%E2%80%99%20Trial%20Procedures.pdf).  If applicable, the parties shall attach to the email digital copies of all relevant exhibits, deposition designations, and/or demonstratives with the disputed passages highlighted. By 8:15 a.m., the parties shall provide the Court with two (2) courtesy copies of the objections and relevant exhibits, deposition designations, and/or demonstratives.  The parties shall leave the courtesy copies on the podium in the courtroom.

116.    The parties recognize the presumption for and preference in favor of an open courtroom and will work together in good faith to minimize any requests to seal the courtroom.

117.    *Case Narrowing.*  The parties agreed that Novoluto would identify no more than 9 asserted patent claims by 4 p.m. ET on September 6, 2023, and that EIS would elect no more than 16 prior-art-based invalidity arguments (as defined in D.I. 288 at 2 n.2) by 10 p.m. on September 6, 2023.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

---

[10] The parties have agreed to a 12:30 a.m. submission instead of 6:00 a.m.

MORRIS NICHOLS ARSHT & TUNNELL LLP

/s/ Cameron P. Clark
_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com
*Attorneys for Plaintiff*

OF COUNSEL:

Naveen Modi
Allan M. Soobert
Phillip W. Citroen
Chetan Bansal
James Razick
David Valente
PAUL HASTINGS LLP
2050 M Street, NW
Washington, DC 20036
(202) 551-1700

September 7, 2023

CHIPMAN BROWN CICERO & COLE, LLP

/s/ Gregory E. Stuhlman
_____
Paul D. Brown (#3903)
Joseph B. Cicero (#4388)
Gregory E. Stuhlman (#4765)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
brown@chipmanbrown.com
cicero@chipmanbrown.com
stuhlman@chipmanbrown.com
*Attorneys for Defendants*

OF COUNSEL:

Tammy J. Terry
Califf Cooper
Lisa E. Margonis
Peter C. Schechter
Gopal R. Gannamraj
OSHA BERGMAN WATANABE &
BURTON LLP
1100 Louisiana St., Suite 4900
Houston, TX 77002
(713) 228-8600
OLWOWTechDE@obwbip.com


SO ORDERED this _____ day of September, 2023.


_____
United States District Court Judge